384 So.2d 251 (1980)
SCHULT MOBILE HOME CORP. and Liberty Mutual Insurance Company, Appellants,
v.
Connie WALLING, Appellee.
No. QQ-297.
District Court of Appeal of Florida, First District.
June 4, 1980.
*252 Alex P. Lancaster of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, Sarasota, for appellants.
Ramon Clark Calafell, Jr., and Stephen L. Rosen of Wagner, Cunningham, Vaughan, Genders & McLaughlin, Tampa, for appellee.
LARRY G. SMITH, Judge.
In this worker's compensation proceeding the Deputy Commissioner entered an order requiring the employer-carrier to pay medical bills for claimant's hospitalization and treatment by Dr. Wallace, a physician not authorized by the carrier to render medical services to claimant. The carrier contends that the order was in error because its duty under Section 440.13, Florida Statutes, to provide proper medical treatment was fully discharged by offering claimant the choice of several physicians other than Dr. Wallace, the one she requested. We have carefully reviewed the order appealed and the supporting record, and conclude that the order should be affirmed.
After surgery performed by a neurosurgeon authorized by the carrier, the claimant experienced an unsatisfactory recovery. Her request to be treated by Dr. Wallace was denied by the carrier on the grounds that he was not on its list of approved physicians. Instead, the carrier offered claimant the services of two other physicians, one of whom offered her no help, and the other informed her there was no help available.
Claimant obtained the services of an attorney, who again informed carrier of claimant's condition, and again requested authorization for Dr. Wallace to treat her. Claimant's request for Dr. Wallace was again denied, but the carrier offered a choice of three other physicians, none of whom were satisfactory to claimant. She testified that she was afraid to be treated by one of them, that another was an orthopedic surgeon, and she preferred a neurosurgeon since her surgery had been performed by a neurosurgeon; and Dr. Wallace, whom she requested, was a neurosurgeon. She declined the services of the third physician on the grounds that he was a partner of one of the doctors who had already treated her, and she did not want to return to him.
In the meantime, the claimant had begun seeing Dr. Wallace, and in September, 1978, Dr. Wallace performed surgery on her back. Several subsequent surgeries were also performed by Dr. Wallace, with the result, according to claimant, that her pain became bearable, and her condition was much better than after her initial surgery.
The carrier relies for reversal in part upon the decision in Nally v. Davis, IRC Order 2-3361 (February 21, 1978). In that case the employee requested medical treatment and the employer gave him the choice of several authorized physicians. However, the employee did not choose one of these, but selected an unauthorized physician for treatment. Under these circumstances, the Commission held, the employer did not fail to provide medical services, and the claims for treatment by the unauthorized physician were denied.
We find that the Nally case and others relied upon by carrier are not dispositive of this appeal, since we are persuaded that the situation in which this claimant found herself does not fit neatly into those cases in which treatment by an unauthorized physician has been disapproved. We consider particularly applicable certain of the findings, and the reasoning expressed by the Deputy Commissioner in resolving this difficulty. In his order he found that the treatment rendered by Dr. Wallace was reasonable and necessary as a result of claimant's compensable accident. He referred to the claimant's testimony that she did not receive any help from the authorized physicians, and in fact, did not make any progress after surgery by the initial authorized physician. He found further:
* * * I find that the claimant cooperated with the carrier in every respect, *253 and I find that the carrier failed to provide proper treatment for the claimant. The testimony of Ms. Planer [carrier's representative] was that Dr. Wallace was not authorized because "he was not on their list of authorized physicians."
I find this "list" to be discriminatory and detrimental to the claimant in that it denies the claimant proper treatment for her injury. The purpose of the Workman's Compensation Act is to repair an injured claimant in order to get that claimant back into the labor market. The Employer/Carrier is required to provide the treatment that will accomplish this, and arbitrary decisions have no place in the Compensation Act.
6. Once the Claimant advised the Carrier that she was dissatisfied with the authorized physicians, it was incumbent upon the carrier to authorize proper alternative treatment. This they neglected to do, and their failure to authorize proper remedial treatment may well have been extremely detrimental to the Claimant. I accept the testimony of Dr. Wallace that the surgeries he performed on the Claimant were her only means of needed relief. Conservative treatment would not work, as that is evidenced by the record.
* * * * * *
7. In making the above findings, the undersigned Deputy Commissioner is aware of what is becoming rather extensive case law regarding change in physicians. The undersigned is of the opinion that difficulty in arriving at a mutually agreeable physician to treat the claimant was due to the lack of a Judge of Industrial Claims to hear this matter in a timely fashion. The undersigned would specifically find that both the Claimant and Liberty Mutual Insurance Company acted in good faith in this matter, but the parties had a genuine dispute and the statutory fashion in which to resolve that genuine dispute was not available to the parties without the claimant experiencing severe medical problems because of the delay. For these reasons the undersigned Deputy Commissioner is of the opinion that more discretion than is normally afforded a situation as that sub judice was necessary to effect the intent and purpose of the Worker's Compensation Act.
We find that the Deputy Commissioner's resolution of this controversy was in accord with the purposes of the Worker's Compensation Act. Section 440.13 reserves to the claimant the right to dispute the carrier's selection of a treating physician for good cause. Robinson v. Howard Hall Company, 219 So.2d 688 (Fla. 1969). The Deputy Commissioner found, and we agree, that the claimant's dissatisfaction with the carrier's selection of various physicians was for good cause or reason, and therefore, she was fully justified by medical necessity in exercising her right to seek alternative medical care and treatment. Compare Edward L. Nezelek Construction v. Terlizzese, IRC Order 2-2869 (November 7, 1975), and Sun Banks of Florida v. Hicks, IRC Order 2-3867 (July 25, 1979). Redwing Carriers Inc. v. Pinto, IRC Order 2-3089 (January 6, 1977), cert. den. 348 So.2d 952 (Fla. 1977), held that there is no requirement in the law that all medical treatment come to a standstill, when the parties have reached an impasse, until the question which doctor shall perform the treatment has been resolved by the Judge. The Commission recognized that the claimant cannot arbitrarily change physicians. However, in the Redwing Carriers case, before the employer responded to claimant's request for a change in physician, the need for treatment reached the emergency stage. Although we do not interpret or apply the Redwing Carriers case as limiting recovery by unauthorized physicians only in case of an emergency, we think there is ample evidence here to reflect an urgent and unmet need for additional medical treatment upon claimant's first visit to Dr. Wallace, and indeed, the record reflects that her admission to the hospital by Dr. Wallace on February 24, 1979 was on an emergency basis.
For the foregoing reasons, the order appealed is AFFIRMED.
McCORD and WENTWORTH, JJ., concur.