388 So.2d 590 (1980)
Willis JONES, Appellant,
v.
PLANTATION FOODS, Fidelity and Casualty Company of New York and Travelers Insurance Company, Appellees.
No. RR-51.
District Court of Appeal of Florida, First District.
August 28, 1980.
Rehearing Denied October 13, 1980.
*591 Abrams & Susskind, North Miami Beach, for appellant.
Summers, Warden and Gladson & Sullivan, Miami, for appellees.
MILLS, Chief Judge.
The claimant, Willis Jones, appeals from an order of the Judge of Industrial Claims, challenging the determination of the degree of impairment resulting from one accident and the failure of the judge to order the payment of medical bills for services performed at the request of an authorized physician.
Regarding the first issue, it appears from the record and order that the judge considered the substance of some medical reports in arriving at his impairment rating even though those reports were admitted only for the purposes of proving knowledge on the part of the insurance company of assignment of impairment and for purposes of attorney's fee.
In the part of the order establishing the impairment rate, the judge stated that Dr. Abel (a report not contested) set a rate of 3%, Dr. Silverman (contested) a rate of 3 to 4%, Dr. Unger (contested) contradicted himself, and Dr. Russell (contested) set a rate of 5%. In accepting the 5% rating, he stated, "Dr. Russell believed five percent and is adopted because [it is] consistent with the employee's use of his body sitting and standing during the hearing."
Even though the judge considered medical reports not in evidence for that purpose in establishing the impairment rating, we affirm the five percent rating because it was not based solely on the medical reports. It was also based on the judge's observations of Jones' use of his body during the hearings. Under Magic City Bottle & Supply Co. v. Robinson, 116 So.2d 24 (Fla. 1959), it is within the judge's discretion to reject the medical testimony and rely instead on lay testimony or demonstrative evidence.
The second issue involves the judge's rejection of a claim for payment of a bill from Dr. Sternberg. The record reveals that the employer referred Jones to Dr. Teitelbaum and Dr. Teitelbaum referred him to Dr. Sternberg for evaluation. Dr. Sternberg saw Jones eleven times, some of those visits were for testing and evaluation and others were for treatment. Dr. Sternberg was authorized by virtue of the referral to him by the authorized physician, Dr. Teitelbaum. McKinney v. McKinney Farms, 380 So.2d 469 (Fla. 1st DCA 1980). The authorization extended, however, only to the evaluation and not to the treatments.
We would order the payment of Dr. Sternberg's bills based on the above holding if it were not for the fact that he failed to timely submit the reports required by Section 440.13, Florida Statutes (1975). The judge's order made note of this failure, but he made no finding concerning whether there was prejudice to the employer-carrier or whether good cause was shown. Accordingly, we reverse the denial of payment of Dr. Sternberg's bills related to evaluation and remand for consideration of the question of prejudice caused by the failure to file timely reports.
*592 AFFIRMED in part; REVERSED in part; remanded for further consideration in light of this opinion.
McCORD, J., concurs.
WENTWORTH, J., specially concurs.
WENTWORTH, Judge, concurring.
I agree with the court's opinion but would affirm the permanency rating for the August 1976 accident only because no issue was raised as to applicability of § 440.25(3)(b), Florida Statutes, as amended in 1978 to alter Magic City v. Robinson, 116 So.2d 24 (Fla. 1959). The amendment on standard of proof might have been properly invoked in this hearing conducted after its effective date in accordance with decisions applying statutes on remedies, including standard of proof, as amended at time of trial. Summerlin v. Tramill, 290 So.2d 53 (Fla. 1974). Section 25 of Chapter 78-300, Laws of Florida, limiting the act to subsequent injuries, would in my opinion relate to substantive changes. Cf., Myers v. Carr Construction, 387 So.2d 417 (Fla. 1st DCA 1980).