499 So.2d 871 (1986)
SHAFER & MILLER, INC. and United States Fidelity & Guaranty Company, Appellants,
v.
Mose MOORE and the Division of Workers' Compensation, Appellees.
No. BL-227.
District Court of Appeal of Florida, First District.
December 8, 1986.
Rehearing Denied January 15, 1987.
Robert H. Gregory, Miami, for appellants.
Joseph Hackney, Jr., Miami, for appellees.
WENTWORTH, Judge.
Appellants, employer/carrier, seek review of a workers' compensation order requiring them to pay for a past psychiatric evaluation and to provide future psychiatric treatment for appellee.
Appellants contend the deputy commissioner erred in awarding appellee payment for past and future services by a new psychiatrist when the issue of psychiatric care already had been litigated, and appellee had chosen another psychiatrist from alternatives named by the carrier. We affirm the order because we find the deputy could properly award payment for the evaluation when appellee's authorized physician had referred him to the new psychiatrist for that purpose, and because the award of future treatment under his care was within the deputy's discretion on the evidence before him.
Appellee, a 65-year-old carpenter, injured his back while employed by appellant Shafer and Miller. In a January 16, 1984 order, the deputy commissioner found that appellee might need psychiatric care and *872 ordered the employer/carrier (e/c) to provide the names of three certified psychiatrists for purposes of an evaluation and, if necessary, care. Appellee saw Dr. Paul Daruna, one of the three psychiatrists whose names were provided by the e/c. Dr. Daruna diagnosed appellee as suffering from an adjustment disorder, but he did not recommend treatment.
Appellee's authorized treating chiropractor, Dr. Ira Mitzner, thereafter referred appellee to another psychiatrist, Dr. Arthur Stillman, who saw appellee one time for an evaluation. Appellee's attorney by letter then sought authorization of Dr. Stillman from the e/c, stating that appellee had been seen by Dr. Stillman and wished to continue treatment under his care. The e/c issued a notice to controvert on grounds that Dr. Stillman was not authorized, his billing for the evaluation was not authorized, and the claimant already had been provided care by Dr. Daruna. Appellee then requested a hearing to determine his entitlement to psychiatric care by Dr. Stillman.
Section 440.13, Florida Statutes (1982 Supp.), provides:
(1) Subject to the limitations specified in section 440.19(2)(b), the employer shall furnish to the employee such remedial treatment, care, and attendance under the direction and supervision of a qualified physician or surgeon or other recognized practitioner, nurse, or hospital, and for such period as the nature of the injury or the process of recovery may require, including medicines, crutches, artificial members, and other apparatus. (e.s.)
In this case appellee's authorized physician referred him to a new psychiatrist for further evaluation, after the psychiatrist provided by the e/c diagnosed appellee as not requiring treatment at the time of earlier examination. Numerous decisions of this court and earlier Commission rulings support the award of such costs, based on a finding of need, when an authorized physician refers a claimant for additional care by a specialty practitioner who has no notice of the carrier's objection.
In McKinney v. McKinney Farms, 380 So.2d 469, 470 (Fla. 1st DCA 1980), the court stated:
The record clearly shows that the referral ... to Dr. Thoburn was made by the authorized treating physician in the exercise of his own judgment... . We hold that ... the referral to Dr. Thoburn and the subsequent hospitalization and referral to Dr. Cauthen by Dr. Thoburn was in the normal progression of authorized treatment and the carrier is financially responsible for them. (e.s.)
In Sloan v. Concrete Sciences, 382 So.2d 411, 412 (Fla. 1st DCA 1980), the court stated:
the appellees are ... ordered to pay Dr. Fagan's bill in light of uncontroverted evidence that Dr. Sloan, the initially authorized physician, referred the claimant to Dr. Fagan who continued to treat the claimant ...,
citing Coral Magnetics Co. v. Allen, 8 FCR 73, 74 (1973), in which the commission stated that "after referral by a treating physician to a specialist, the carrier has the responsibility of payment... ." See also Chasteen v. Cochran & Cribby, Inc., 7 FCR 387 (1973); Buena Vista Construction Co. v. Theis, 7 FCR 377 (1977); Travis v. Air Control Products, Inc., 6 FCR 214 (1967), cert. denied, 209 So.2d 449 (Fla. 1968). In Brown v. Eli Witt Cigar Co., IRC Order 2-2547 (July 30, 1974), the commission stated:
The Judge denied the claim for payment of the outstanding medical bills of Dr. Waldheim and Coral Ridge Psychiatric Hospital, in that they were neither requested nor authorized... . [T]reatment of Dr. Waldheim and the Coral Ridge Psychiatric Hospital was provided upon referral by Dr. Flaten, an authorized physician. The carrier ... did not notify Dr. Waldheim that he was not an authorized physician. Accordingly, the Order of the Judge must be reversed. (e.s.)
In Washburn v. Royal Castle Systems, Inc., IRC Order 2-3104 (January 31, 1977), the commission stated:

*873 Dr. Lusskin was the authorized treating orthopedic surgeon and he considered the dental procedure necessary and arranged for it... . The claimant was actually treated by Dr. Pogozelski, an associate of Dr. Tessier, who testified he was unaware of an industrial injury... . The claimant should not be penalized because of a communication gap between the authorized treating orthopedist, the treating dentist, and the carrier, when she has cooperated with the treatment recommended by her authorized orthopedist. (e.s.)
The order last cited remanded on this principle even where the referral by the authorized physician was to a dentist to treat a medical condition preexisting the industrial accident, because the authorized doctor considered the dental treatment, in that case mandibular immobilization to control obesity, necessary for the claimant's recovery from her knee injury.
The foregoing line of cases is clearly consistent with decisions that the authority of a referred physician may be subject to express limitations by the referring authorized physician: Cf. Atkins v. Greenhut Construction Co., 447 So.2d 268 (Fla. 1st DCA 1983), where notice by carrier to the referred surgeon prevented liability for later services when another surgeon was then currently authorized; and Jones v. Plantation Foods, 388 So.2d 590 (Fla. 1st DCA 1980), holding that the treating physician may, of course, expressly limit a reference to evaluation only. See also Devco Millwork Installation v. Secord, IRC Order 2-3315 (January 12, 1977), stating limitations in circumstances not representing a legitimate exercise of judgment by the authorized doctor, i.e., a "claimant who is dissatisfied with the care he is receiving cannot, by the circuitous route of having his authorized physician make an appointment with another doctor, confer authorization upon that physician for treatment and non-emergency surgery."[1]
In this case the award of costs was for psychiatric evaluation pursuant to referral by an authorized treating physician. The order is therefore affirmed.[2]
BOOTH, C.J., and MILLS, J., concur.
NOTES
[1] See also Lance v. Witters Construction, 270 So.2d 4 (Fla. 1972), in which the Supreme Court stated that:

Failure of claimant to make express ... request of the employer (insurance carrier) for a particular treatment is not solely determinative of the employer's obligation to pay for it if `the nature of the injury required such treatment' and the employer has knowledge of the injury and did not provide the treatment. This is the alternative `or' provision of section 440.13 of the Workmen's Compensation Act which provides that an employee is not entitled to recover such an amount expended by him for treatment unless: (1) he shall have requested employer to furnish it, or (2) unless the nature of the injury required it, and the employer failed to provide it. It might be argued here from the standpoint of the employer that it was `providing' the treatment of Dr. Davis. But since Dr. Davis acknowledges that the treatment was providing claimant relief from his injury, albeit temporary, such treatment falls within the statute as required treatment and therefore proper and compensable. (e.s.)
[2] Section 440.13 was amended, effective October 1, 1983. 1983 Fla.Laws 83-45. However, those amendments in context do not reflect any intentional departure from the self-administering aspects of the medical authorization law applied in the numerous decisions on referral by an authorized physician.