WIGGINTON, Judge.
The employer/carrier brings this appeal from the order of the deputy commissioner awarding claimant temporary total disability benefits and directing payment of the outstanding medical bills of several doctors. We conclude that the deputy did not err in accepting Dr. Wingo’s opinion over those of the authorized treating physicians, Doctors Smith and Geissinger, thereby finding that the second accident occurring on August 24, 1987 — while claimant was employed by a different employer — did not contribute to the claimant’s current back problems. The deputy’s conclusion as to that fact was based on competent and substantial evidence and we affirm. However, we must reverse the order insofar as it directs the E/C to pay the outstanding medical bills for medical treatment received by the claimant through Doctors Wingo, Dukes, and Conard.
As we have earlier held, “[rjeferral by an authorized treating physician in the exercise of his own judgment and not at the claimant’s request places the referral in the ‘normal progression of authorized treatment’ for which the E/C is responsible.” Wynn v. Hogan Baptist Church, 483 So.2d 551 (Fla. 1st DCA 1986) (emphasis added); see also McKinney v. McKinney Farms, 380 So.2d 469 (Fla. 1st DCA 1980). In the instant case, claimant was receiving authorized treatment from Dr. Smith, but at the request of claimant’s attorney, Dr. Smith referred claimant to Dr. Dukes who subsequently referred claimant to Dr. Wingo and Dr. Conard for surgical intervention.
In his brief, claimant maintains he repeatedly, during the hearing, testified that Dr. Smith was unable to assist him, and thereafter argues that he sought treatment from Dr. Dukes due to dissatisfaction with the treatment he was previously receiving, thereby entitling him to payment of said bills incurred so long as said treatment was medically necessary. Cf. Schult Mobile Home Corporation v. Walling, 384 So.2d 251 (Fla. 1st DCA 1980). To the contrary, the record clearly shows that the reason for claimant’s attorney’s requesting Dr. Smith to refer claimant for an outside neurological opinion was “to try to help convince Mr. Vance, if, in fact, he does not have significant neurological disease or injury, that he is going to simply have to learn to live with this and perhaps change jobs if necessary.” Unlike the facts in Schult Mobile Home Corporation v. Walling, claimant herein did not notify the E/C of his dissatisfaction with the treatment by Dr. Smith and request alternative authorized treatment. In comparison, in McKinney v. McKinney Farms, this Court found that the record clearly showed that the referral by the authorized physician to a second physician was made by the authorized treating physician in the exercise of his own judgment and not at the request of the claimant. Therefore, we distinguished such facts from those present in Devco Mill Work Installation v. Secord, IRC Order 2-3315 (January 12, 1977), where the claimant requested that his authorized phy *1041 sician make a referral. In Secord, the IRC held that “[a] claimant who is dissatisfied with the care he is receiving cannot, by the circuitous route of having his authorized physician make an appointment with another doctor, confer authorization upon that physician for treatment and non-emergency surgery.”
Accordingly, for the foregoing reasons, we reverse the deputy’s order directing payment of medical treatment rendered by Doctors Wingo, Dukes, and Conard.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
SMITH, C.J., and SHIVERS, J., concur.