PER CURIAM.
On appeal, Vernon Rolle contends that medical expenses he incurred in undergoing diagnostic testing are the responsibility of his former employer, the City of Riviera Beach, and its servicing agent, *1076 Gallagher Bassett. We agree and reverse on the authority of Green v. Chromalloy-Turbocumbustor, 540 So.2d 874 (Fla. 1st DCA 1989), and McKinney v. McKinney Farms, 380 So.2d 469 (Fla. 1st DCA 1980).
While employed by the City of Riviera Beach, Mr. Rolle was injured in an industrial accident on June 13, 1988, on account of which he was undergoing physical therapy on August 26, 1999. At the conclusion of this therapy, he reported chest pains. Dr. Lichtblau, the authorized treating physician who was supervising his physical therapy, referred him to an emergency room for an immediate cardiac evaluation. Testimony that Mr. Rolle would not have been allowed to continue physical therapy without receiving cardiac clearance was uncontroverted.
Under the statute in force at the time of the industrial accident, see § 440.13(2)(a), Fla. Stat. (1987), an authorized physician’s referral for an evaluation authorized the evaluation as effectively as if the employer itself had explicitly and directly granted authorization.
[T]he referral of a claimant by an authorized physician to another physician, is compensable if the referral was made in the exercise of the treating physician’s own judgment, and not just at the request of the claimant. Northwest Orient Airlines v. Gonzalez, 500 So.2d 699, 701 (Fla. 1st DCA 1987); Shafer & Miller, Inc. v. Moore, 499 So.2d 871, 873 (Fla. 1st DCA 1986); Sloan v. Concrete Sciences, 382 So.2d 411 (Fla. 1st DCA 1980). This implied authorization which results when an authorized physician refers a claimant to another doctor for an evaluation extends only to the evaluation, and does not encompass treatment. Jones v. Plantation Foods, 388 So.2d 590 (Fla. 1st DCA 1980). See also Northwest Orient Airlines v. Gonzalez, 500 So.2d at 702.
Green v. Chromalloy-Turbocumbustor, 540 So.2d 874, 876 (Fla. 1st DCA 1989); see Carpet Shop v. Vance, 542 So.2d 1039, 1040 (Fla. 1st DCA 1989); Wynn v. Hogan Baptist Church, 483 So.2d 551, 553 (Fla. 1st DCA 1986); McKinney, 380 So.2d at 470; see also Prince v. Prince Ins. Servs., 556 So.2d 1195, 1197 (Fla. 1st DCA 1990) (“Since the diagnostic test recommended by [the authorized physician] was designed to reveal the precise causal etiology of claimant’s symptoms so that an appropriate treatment decision could be made, the claimant should have been awarded payment of the bills incurred for the diagnostic testing.”).
The judge of compensation claims found that, “as indicated by Dr. Chait [the independent medical examiner], Dr. Licht-blau’s action[ ] in sending claimant to the emergency room was appropriate, reasonable, and medically necessary based on the exigent circumstances.” While it is true that, as the judge of compensation claims also found, “no evidence was presented that a connection existed between the claimant’s symptoms on August 26, 1999 and the work injury sustained on June 13, 1988,” the evaluation was “in the normal progression of authorized treatment.” McKinney, 380 So.2d at 470.
REVERSED and REMANDED.
MINER, BENTON, and LEWIS, JJ„ CONCUR.