WIGGINTON, Judge.
Defendant seeks appellate review and reversal of a final judgment based upon a jury verdict awarding damages for the personal injuries suffered by her in a two-car vehicular collision. It is contended that the trial court erred at the outset of this litigation when it denied appellant’s motion to dismiss appellee’s complaint for failure to state a cause of action.
By her complaint filed herein pursuant to the provisions of the Florida guest passenger statute,[1] (since repealed),[2] appellee sought a judgment for damages suffered by her as a result of the gross negligence of appellant in the operation of her motor vehicle in which appellee was riding as a passenger. The paragraph of her com *174 plaint in which negligence is attempted to be alleged is as follows:
“3. At that time and place the defendant, Beth Madison Tramill, operated and/or maintained her automobile in a grossly negligent manner so that it collided with an automobile driven by the defendant, James Douglas Nelson.”
The complaint contains no other allegations of fact upon which the conclusory allegation of gross negligence is based. In response to the complaint, appellant filed a motion to dismiss on the ground that it failed to allege ultimate facts from which the jury could conclude that the defendant was guilty of gross negligence in the operation of her automobile. This motion to dismiss was denied by the court, thereby requiring appellant to plead her defenses and defend the actions.
Our rules of civil procedure governing general rules of pleading provide that a pleading which sets forth a claim for relief must contain a short and plain statement of the ultimate facts showing that the pleader is entitled to relief.[3]
In affirming a final judgment dismissing a complaint for damages brought under the guest passenger statute for its failure to state a cause of action, the Second District Court of Appeal in Frank v. Lurie[4] set forth the requisites which must be met in order to state a cause of action based upon gross negligence. By its opinion the court said:
“The question before the trial court was one of pleading and therefore a question of law. Did the amended complaints effectively allege the requisite gross negligence? The answer hinges upon the sufficiency of the well pleaded allegations of fact, which of course excludes bare conclusions of the pleader. Koger v. Hollahan, 1940, 144 Fla. 779, 198 So. 685, 688, 131 A.L.R. 886. It is clearly the rule that if a complaint of this kind is to be held good it must fairly appear internally, from the complaint itself, that the defendant’s course of conduct was of the gross or wilful and wanton character sought to be charged. Evidence need not be pleaded, but allegations amounting only to ordinary negligence are not enough. See Carraway v. Revell, Fla.1959, 116 So.2d 16; Bridges v. Speer, Fla.1955, 79 So.2d 679. The burden of pleading is accordingly more meticulous than in ordinary negligence cases which permit a more general mode of pleading. Erlichstein v. Roney, 1944, 155 Fla. 333, 20 So.2d 254; 3 Fla.Jur., Automobiles, etc. § 124.”
From the foregoing it is clear that in alleging a cause of action for gross negligence it is not enough for the pleader to make only those allegations which might sustain a cause of action for ordinary negligence. Such complaint must contain sufficient allegations of ultimate fact as to make it fairly appear that the defendant’s course of conduct was of a gross, willful, and wanton character.
It takes but a cursory examination of the complaint filed by appellee herein to conclude that it falls far short of meeting the requirements of the rule of pleading that it contain a short and plain statement of the ultimate facts upon which the claim for relief is based. Likewise, it is entirely devoid of any allegations of ultimate facts from which it could be reasonably concluded that appellant’s conduct in the operation of her vehicle was of a gross, willful, and wanton character. The allegations of the complaint filed by appellee go no further than to state a cause of action for ordinary negligence under the rules of pleading in effect in our state.[5]
*175 Because of the foregoing, it is our conclusion and we so hold that the trial court erred in denying appellant’s motion to dismiss the complaint filed herein for its failure to sufficiently state a cause of action for gross negligence under the guest statute. The judgment appealed is accordingly reversed and the cause remanded for a new trial.
SPECTOR, C. J., and CARROLL, DONALD K., J., concur.

. F.S. § 320.59, F.S.A.

. Ch. 72-1, Laws of Florida, Acts of 1972, effective February 14, 1972.

. Rule 1.110(b), R.C.P., 30 F.S.A.

. Frank v. Lurie, (Fla.App.1963) 157 So.2d 431, 433.

. See Form 1.945 adopted by the Supreme Court on June 19, 1968, (211 So.2d 174).