290 So.2d 53 (1973)
Helen Daniels SUMMERLIN, Petitioner,
v.
Beth Madison TRAMILL, Respondent.
No. 43901.
Supreme Court of Florida.
December 19, 1973.
Rehearing Denied March 15, 1974.
R.P. Warfield, of Levin, Warfield, Graff, Mabie & Rosenbloum, Pensacola, for petitioner.
Robert P. Gaines of Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for respondent.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, First District, reported at 276 So.2d 173. Our jurisdiction is based on conflict between the decision sought to be reviewed and Ingerson v. State Farm Mutual Automobile Insurance Company.[1]
*54 The facts of the case, as found by the District Court, are as follows:
"Defendant [respondent herein] seeks appellate review and reversal of a final judgment based upon a jury verdict awarding damages for the personal injuries suffered by her in a two-car vehicular collision. It is contended that the trial court erred at the outset of this litigation when it denied appellant's motion to dismiss appellee's complaint for failure to state a cause of action.
"By her complaint filed herein pursuant to the provisions of the Florida guest passenger statute [Section 320.59, Florida Statutes] (since repealed), [Ch. 72-1, Laws of Florida, effective February 14, 1972] appellee sought a judgment for damages suffered by her as a result of the gross negligence of appellant in the operation of her motor vehicle in which appellee was riding as a passenger. The paragraph of her complaint in which negligence is attempted to be alleged is as follows:
"`3. At that time and place the defendant, Beth Madison Tramill, operated and/or maintained her automobile in a grossly negligent manner so that it collided with an automobile driven by the defendant, James Douglas Nelson.'
"The complaint contains no other allegations of fact upon which the conclusory allegation of gross negligence is based. In response to the complaint, appellant filed a motion to dismiss on the ground that it failed to allege ultimate facts from which the jury could conclude that the defendant was guilty of gross negligence in the operation of her automobile. This motion to dismiss was denied by the court, thereby requiring appellant to plead her defenses and defend the actions."[2]
Upon these facts, the District Court held as follows:
"Our rules of civil procedure governing general rules of pleading provide that a pleading that sets forth a claim for relief must contain a short and plain statement of the ultimate facts showing that the pleader is entitled to relief... . [I]t is clear that in alleging the cause of action for gross negligence it is not enough for the pleader to make only those allegations which might sustain a cause of action for ordinary negligence. Such complaint must contain sufficient allegations of ultimate fact as to make it fairly appear that the defendant's course of conduct was of a gross, willful, and wanton character.
"It takes but a cursory examination of the complaint filed by appellee herein to conclude that it falls far short of meeting the requirements of the rule of the pleading that it contain a short and plain statement of the ultimate facts upon which the claim for relief is based. Likewise, it is entirely devoid of any allegations of ultimate facts from which it could be reasonably concluded that appellant's conduct in the operation of her vehicle was of a gross, willful, and wanton character. The allegations of the complaint filed by appellee go no further than to state a cause of action for ordinary negligence under the rules of pleading in effect in our state."[3]
On the basis of the foregoing, the District Court held that the trial court erred in denying appellant's motion to dismiss for failure to sufficiently state a cause of action for gross negligence under the guest statute and reversed and remanded the cause for a new trial.
As a basis for this Court's jurisdiction, petitioner has cited the case of Ingerson v. State Farm Mutual Automobile Insurance Company, supra. In Ingerson, the District *55 Court of Appeal, Third District, held that where the guest statute had been repealed approximately ten days before the trial of an action against the owner and driver for the death of a passenger, recovery could be had for simple negligence, and a motion for new trial predicated upon a claim of error in submitting the cause to the jury on the basis of gross negligence rather than simple negligence should have been granted. In Ingerson, although the guest passenger statute was repealed by an act of the Legislature which became effective approximately ten days before the trial of the case (a fact of which neither the trial court nor the parties appeared to have been aware at the time of the trial and judgment), due to the status of the plaintiff's decedent as a guest passenger in defendant's automobile, plaintiff's complaint had been predicated upon the alleged gross negligence of the driver, being the degree of negligence necessary to furnish a cause of action under the provisions of the guest passenger statute. At the trial, the jury charge on gross negligence was requested by the plaintiff and given by the Court. The jury returned a verdict in favor of the defendants and their insuror. Subsequently, a motion for new trial was filed by plaintiff, contending that the court erred by submitting the cause against the defendants to the jury on the basis of gross negligence rather than on the simple negligence of defendant after the guest passenger statute had been repealed. The motion for a new trial was denied. The plaintiff appealed, and the Third District held that:
"[W]here a change in the law material to the cause of action and possibly to the outcome of a cause occurs during the pendency of the cause and prior to judgment, on an appeal from a judgment ... based on the law as it was prior to such change thereof, the judgment should be reversed and the cause remanded for reconsideration or retrial in accordance with the law as changed."[4]
It is evident that the instant case and the Ingerson case are in direct conflict. As noted, in the instant case, the First District first noted that petitioner made allegations of gross negligence as required by the Florida guest passenger statute. Next, the District Court noted that the guest passenger statute had been repealed. (In this case, repeal took place some sixteen days before trial, as compared to ten days before trial in Ingerson.) Further on in its opinion, the District Court finally noted that "[t]he allegations of the complaint filed by appellee go no further than to state a cause of action for ordinary negligence under the rules of pleading in effect in our state."[5] The District Court, however, concluded that the trial court erred in denying appellant's motion to dismiss for failure to sufficiently state a cause of action for gross negligence under the guest statute, and accordingly, reversed and remanded.
According to the Ingerson case and the authority cited therein, Florida East Coast Railway Company v. Rouse[6] (which held that if there is a change in the law, after judgment and pending an appeal therefrom, a reversal of said judgment and remand of the cause for amendment of the pleadings and reconsideration, or retrial of the cause on the changed law as being controlling, is called for), the proper course of action for an appellate court in such a case is to affirm the judgment on behalf of plaintiff, and to send the case back down to the trial court solely to amend the pleadings so that same would be granted on allegations of simple negligence.
Under the facts and circumstances of the instant case, however, we feel a simpler procedure is mandated. As noted, the instant case should have been tried upon simple negligence, rather than upon gross negligence. *56 Since a judgment for petitioner was entered upon her proof, and a jury's finding, of gross negligence, a new trial, at this time, based upon simple negligence  for which the First District specifically found that petitioner had, in her peadings, already stated a cause of action  should obviously result in a similar judgment for petitioner. Therefore, we feel it was unnecessary and improper for the First District to have reversed and remanded the cause for a new trial.
Accordingly, the decision of the District Court of Appeal is quashed, and the cause remanded with instructions to reinstate the trial court's judgment on behalf of petitioner.
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN and ADKINS, JJ., concur.
NOTES
[1] 272 So.2d 862 (Fla.App.3d 1973), reh. denied.
[2] 276 So.2d at 173-174.
[3] Id. at 174 (Emphasis supplied.)
[4] 272 So.2d at 864.
[5] See note 3, supra.
[6] 194 So.2d 260 (Fla. 1966).