344 So.2d 239 (1977)
WALKER & LaBERGE, INC., and Bituminous Casualty Corporation, Appellants,
v.
Jack HALLIGAN, Appellee.
No. 49056.
Supreme Court of Florida.
March 17, 1977.
Ronald S. Webster, of Whittaker, Pyle & Stump, Orlando, for appellants.
Paul R. Stern of Stern & LaRue, Daytona Beach, for appellee.
*240 SUNDBERG, Justice.
This cause is before us by virtue of a notice of appeal to review an order of the Circuit Court for Volusia County denying a motion for summary judgment. In denying the motion for summary judgment, the trial court held, inter alia, that Sections 440.10 and 440.11, Florida Statutes (1971), were unconstitutional. Since the court's order was interlocutory in nature, we review this matter by certiorari pursuant to Article V, Section 3(b)(3), Florida Constitution.
On October 6, 1972, appellee was an employee of Economy Electric, the electrical subcontractor on a large condominium project. While working on this project, appellee was injured when struck by a two-ton crate of glass which was either in the possession of appellant Walker & LaBerge, Inc.,[1] the glazier subcontractor on the job, or of Terminal Transport, a delivery company. Appellant is accused of negligence in tying together and loading the glass, or in maintaining the dolly upon which the glass was situated. Although the contracts themselves have never been produced, both parties have assumed that Economy Electric and Walker & LaBerge were both subcontractors under Wiggs & Maale, the general contractor which is not a party to this litigation.
Appellee filed a complaint for personal injury damages against appellant alleging that the latter had been negligent in the manner described. Appellant answered that it was immune from liability under Sections 440.10(1)[2] and 440.11(1),[3] Florida Statutes (1971), which were in effect on the date of the accident.
In 1974, prior to the filing of the complaint in the instant action, Section 440.10, Florida Statutes (1973), was amended by addition of the following sentence:
"A subcontractor is not liable for the payment of compensation to the employees of another subcontractor on such contract work and is not protected by the exclusiveness of liability provisions of § 440.11 from action at law or in admiralty on account of injury of such employee of another subcontractor."
Appellant moved for summary judgment, relying on the law as it existed at the time the alleged tort was committed. The trial judge denied the motion, holding specifically that the 1974 amendment was remedial and therefore should be applied retroactively. Further, he found that if the amendment was not retroactive, the statute would have been unconstitutional as it existed on the date the cause of action accrued. It is from this decision that Walker & LaBerge, *241 Inc. and their insurance carrier have prosecuted an appeal in this Court.
It is a well-established rule of construction that in the absence of clear legislative expression to the contrary, a law is presumed to operate prospectively. Keystone Water Co. v. Bevis, 278 So.2d 606 (Fla. 1973); U.S. v. Donnelly's Estate, 397 U.S. 286, 90 S.Ct. 1033, 25 L.Ed.2d 312 (1970); Bruner v. United States, 343 U.S. 112, 72 S.Ct. 581, 96 L.Ed. 786 (1952); Claridge Apartments Co. v. C.I.R., 323 U.S. 141, 65 S.Ct. 172, 89 L.Ed. 139 (1944); Haggar Co. v. Helvering, 308 U.S. 389, 60 S.Ct. 337, 84 L.Ed. 340 (1940); Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858 (1938); Miller v. United States, 294 U.S. 435, 55 S.Ct. 440, 79 L.Ed. 977 (1935); Trustees of Tufts College v. Triple R. Ranch, Inc., 275 So.2d 521 (Fla. 1973); H.K.L. Realty Corp. v. Kirtley, 74 So.2d 876 (Fla. 1954); Indemnity Insurance Co. of N. America v. The Brooks-Fisher Insulating Co., 140 So.2d 613 (Fla.2d DCA 1962). We have recently had the opportunity to reiterate this rule in the cases of Foley v. Morris, 339 So.2d 215 (Fla. 1976), and Fleeman v. Case, 342 So.2d 815. In Foley, petitioner filed a malpractice suit against his physician alleging that respondent left a rubber drain in his body during surgery. Subsequent surgery was necessary to remedy the original negligence. Respondents sought dismissal contending that petitioner's cause of action was barred by the two-year statute of limitations, Section 95.11(6), Florida Statutes (1973), which was effective ten months after the cause of action accrued, and was the law when the case went to trial. Respondents contended that the four-year statute of limitations, Section 95.11(4), Florida Statutes (1975), in effect when the cause of action actually accrued, was not applicable. We looked to the wording of the act itself to find possible support for its retroactive application. That search proved futile. There was nothing in the language of the statute which manifested an intention by the Legislature to do otherwise than prospectively apply the new two-year statute of limitations.
In Fleeman, five condominium unit owners joined by the lessee condominium association, of which they were members, brought suit against the lessor. Their complaint requested a declaratory judgment that an escalation clause in their lease was void under Section 711.236, as created by Chapter 75-61, Laws of Florida [now codified as Section 711.231, Florida Statutes (1975)]. It was asserted that the statute was enacted to curb a practice which the Legislature thought inimical to this state's economy because of its inflationary nature. That practice was to insert in leases, for condominium recreation facilities or management contracts, rental escalation clauses tied to commodity or consumer price indexes. The lessor attacked the statute insofar as it operated retroactively, both as being without the ambit of the statute and as an impairment of the obligation of contract in violation of the United States and Florida Constitutions. Article I, Section 10, United States Constitution; Article I, Section 10, Florida Constitution. In finding for the appellant-lessor, we stated:
"... Appellees urge us to discern an intent for retroactive application (i) from the statute's proscription against the `enforcement' of escalation clauses as well as their mere inclusion in leases and management contracts, and (ii) from the action of the House of Representatives in tabling a substitute amendment to the proposed legislation which would have expressly made the law prospective in operation. We decline to divine legislative intent for an issue as important as retroactive operation either from one ambiguous reference in a declaration of legislative purpose or from one attempt to amend the proposed law in one chamber of the Legislature. We can restrict the debate on a legislative `intent' for retroactivity to the floor of those chambers, as well as avoid judicial intrusions into the domain of the legislative branch, if we insist that a declaration of retroactive application be made expressly in the legislation under review. By this means the forward or backward reach of proposed laws is irrevocably assigned in the forum *242 best suited to determine that issue, and the judiciary is limited only to determining in appropriate cases whether the expressed retroactive application of the law collides with any overriding constitutional provision.
"There being no express and unequivocal statement in this legislation that it was intended to apply to leases and management contracts which antedate its enactment, we hold the statute inapplicable to the contracts in these consolidated proceedings." (Footnote omitted)
In the case sub judice, we again look to the language of the statute to determine whether a clear legislative mandate exists. We find no such mandate on the face of the statute; consequently, we must reverse the decision of the trial court.
Appellee points to two cases in which this Court gave retroactive effect to statutory provisions where no clear legislative intent was indicated. Summerlin v. Tramill, 290 So.2d 53 (Fla. 1973), and Tel Service Co. v. General Capital Corp., 227 So.2d 667 (Fla. 1969). In Tel Service Co., supra, suit was brought by a corporate borrower to recover usurious interest from the lender. The circuit court entered a final decree in favor of plaintiff, holding certain transactions between the parties to be criminally usurious loans in violation of Section 687.07, Florida Statutes (1967), and directing that plaintiff recover from defendant the aggregate principal amount of the loans and interest charged thereon pursuant to the statute.[4] Defendant appealed this decree to the district court. While the appeal was pending, the Florida Legislature enacted Chapter 65-299 [now appearing as Section 687.11, Florida Statutes (1975)]. Chapter 65-299 allows a corporate borrower to recover only interest and not principal on a usurious loan. Because of this enactment, the district court deemed it appropriate to remand the case to the circuit court for reconsideration. The circuit court then entered its amended final decree reaffirming its earlier findings and holding that Chapter 65-299 was inapplicable to the plaintiffs, who were individuals and not a corporation. Defendant again appealed to the district court. That court held that Chapter 65-299 was applicable to the litigation and therefore allowed plaintiff to recover only interest on the usurious loan. On appeal this Court affirmed the district court's conclusion sustaining the applicability of Chapter 65-299. We stated:
"... As noted by the District Court, authority is legion to the effect that an action predicated on remedies provided by the usury statutes creates no vested substantive right but only an enforceable penalty. Accordingly, such penalty or forfeiture possesses no immunity against statutory repeal or modification and the enactment of legislation to this effect abates such penalty or forfeiture pro tanto even during the pendency of an appeal from a final judgment predicated on such statutory penalties or forfeiture."
Having concluded Chapter 65-299 was applicable to the controversy, the effect of the Chapter 65-299 act on the remedies provided by Chapter 687, Florida Statutes (1975), was then considered. It was determined that Chapter 65-299 repealed all penalty and forfeiture provisions embraced in Section 687.07, Florida Statutes (1967), as to usurious loans to corporations. Thus, the only penalty recoverable in the case under consideration was the forfeiture of all interest paid by the borrower. In so holding, it was expressly stated that "the enactment of this kind of act is retrospectively applicable to the appellate proceedings in this Court." Id. at 673.
Summerlin, supra, involved the issue of which standard of care to apply under a guest statute. Shortly after an automobile accident in which the guest-passenger sustained injuries, the statute requiring gross negligence to hold a host-driver liable was repealed. At the time of trial, gross negligence *243 was not statutorily mandated to support recovery by a guest-passenger. In the trial court, defendant filed a motion to dismiss for failure to state a cause of action for gross negligence. That motion was denied. Plaintiff then proved her case on the basis of gross negligence, and judgment was entered for her upon a jury's finding of gross negligence. The host-driver appealed, and the district court reversed, holding the trial court erred in denying appellant's motion to dismiss. On petition for writ of certiorari, this Court reversed the district court and applied the statutory provision retroactively. Since the guest-statute requiring gross negligence had been repealed prior to trial, the case should have been tried upon simple negligence. Because a judgment for petitioner was entered upon her proof, and a jury's finding of gross negligence, a new trial based upon simple negligence would have yielded a similar judgment. Therefore, it was unnecessary and improper for the district court to have reversed and remanded the cause for a new trial.
Appellee's reliance upon Tel Service Co., supra, and Summerlin, supra, is misplaced. In these cases, the nature of the statutes involved was inherently procedural or affected only the measure of damages for vindication of a substantive right. The issue in Summerlin concerned the application of a proper standard of care. The new statute modified plaintiff's burden of proof requirement, but it did not abrogate a substantive statutory right. Burden of proof requirements are procedural in nature. Maryland Cas. Co. v. Williams, 377 F.2d 389, 394 (5th Cir.1967); 6 Fla.Jur. Conflict of Laws § 41 (1959); 15A C.J.S. Conflict of Laws § 22(9). The procedural rights granted by the act could be abrogated retroactively because "no one has a vested right in any given mode of procedure." Ex parte Collett, 337 U.S. 55, 71, 69 S.Ct. 944, 953, 93 L.Ed. 1207 (1949); Denver and Rio Grande W.R.R. v. Brotherhood of R.R. Trainmen, 387 U.S. 556, 87 S.Ct. 1746, 18 L.Ed.2d 954 (1967). Concomitantly, the question in Tel Service Co. involved the measure of damages to be recovered. Alteration of such measure of damages did not work any modification of fundamental substantive rights.
In contrast, the question in the instant case is whether a substantive statutory right (immunity from suit) can be retroactively withdrawn. Appellants are entitled to rely on this substantive right which vested before the passage of the new statute. The parties contractually agreed to the statutory provision as of the time of injury. A subsequent enactment should not disturb the substantive rights and duties created by this contractual relationship. Greene v. United States, 376 U.S. 149, 84 S.Ct. 615, 11 L.Ed.2d 576 (1964). That rights under the Workmen's Compensation Act are substantive is established in Sullivan v. Mayo, 121 So.2d 424, 428 (Fla. 1960):
"... It is well established in Florida that the substantive rights of the respective parties under the Workmen's Compensation Law are fixed as of the time of the injury to the employee. This is so because the acceptance of the provisions of the Workmen's Compensation Law by the employer, the employee, and the insurance carrier constitutes a contract between the parties which embraces the provisions of the law as of the time of the injury. Consequently, a subsequent enactment could not impair the substantive rights of the parties established by this contractual relationship... ."
Appellee alternatively submits and the trial court held that Sections 440.10 and 440.11, Florida Statutes, as they existed in 1972, were unconstitutional by virtue of recent case law. He argues there was no constitutional basis for immunity because no benefits ran from the glazier to the electrician's employee, and therefore there could have been no substitution of rights for the common law rights already in existence.
This Court consistently upheld the constitutionality of Sections 440.10 and 440.11, Florida Statutes (1975), prior to 1974, as granting immunity to subcontractors. Miami Roofing & Sheetmetal Co., Inc. *244 v. Kindt, 48 So.2d 840 (Fla. 1950); Carter v. Sim's Crane Serv., Inc., 198 So.2d 25 (Fla. 1967). The constitutionality of that statute was not disturbed by such recent cases as Kluger v. White, 281 So.2d 1 (Fla. 1973), and Sunspan Eng'r & Constr. Co. v. Spring-Lock Scaffold Co., 310 So.2d 4 (Fla. 1975). Those cases stand for the proposition that a statute cannot abolish a right of action without providing a reasonable alternative to protect the rights of the people for redress of injuries. In Kluger v. White, supra, this Court found a portion of the no-fault statute to be unconstitutional because a claimant was denied access to the court for recovery of property damage without being supplied with any commensurate remedy. In Sunspan Eng'r & Constr. Co., supra, we questioned the constitutionality of Section 440.11. That case dealt with the rights of a third-party tort-feasor against the claimant's employer and the confiscation of the third-party's right to sue an employer for the employer's negligence. Our rationale was that a third-party tort-feasor should be entitled to file a third-party action for indemnification against a subcontractor whose employee sued the third-party tort-feasor. This remedy was deemed necessary because the third-party tort-feasor gained nothing by the statute which granted immunity to the subcontractor, and he was, therefore, denied access to the courts.
In the case sub judice, the claimant was not deprived of a remedy but, in fact, was supplied with an alternative remedy of compensation for injury without regard to proof of negligence. Appellee has received workmen's compensation benefits for an injury allegedly sustained due to the negligence of a co-subcontractor. This remedy is a reasonable alternative for appellee's relinquishing his right of action against other subcontractors under the then-existing law.
For the reasons stated herein, the decision of the trial court is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
It is so ordered.
OVERTON, C.J., and BOYD, ENGLAND, HATCHETT and DREW (Retired), JJ., concur.
ADKINS, J., dissents.
NOTES
[1] Walker & LaBerge, Inc. will be referred to below as appellant.
[2] § 440.10(1), Fla. Stat., provides as follows:

"Liability for compensation.  Every employer coming within the provisions of this chapter, including any brought within the chapter by waiver of exclusion or of exemption, shall be liable for and shall secure the payment to his employees of the compensation payable under §§ 440.13, 440.15 and 440.16. In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for and shall secure the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment."
[3] § 440.11(1), Fla. Stat., provides as follows:

"Exclusiveness of liability.  The liability of an employer prescribed in § 440.10 shall be exclusive and in place of all other liability of such employer to any third party tort-feasor and to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee or his legal representative, in case death results from the injury, may elect to claim compensation under this chapter or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by negligence of a fellow servant, that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employee."
[4] § 687.07, Fla. Stat., provided for forfeiture of both principal and interest upon a loan where the interest wilfully and knowingly charged is more than 25% per annum irrespective of whether the lender or borrower is an individual or a corporation. In 1969, § 687.071 was enacted, repealing § 687.07.