458 So.2d 345 (1984)
Jose M. TURRO, M.D./Holiday General Hospital, Inc., Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, & Tarpon Springs General Hospital, Appellees.
COMMUNITY HOSPITAL OF NEW PORT RICHEY, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, & Tarpon Springs General Hospital, Appellees.
District Court of Appeal of Florida, First District.
October 12, 1984.
Thomas M. Beason, of Moyle, Jones & Flanigan, West Palm Beach, for appellant Community Hospital of New Port Richey.
Eric J. Haugdahl, Tallahassee, for appellant Holiday General Hosp.
James M. Barclay, Dept. of Health and Rehabilitative Services, Tallahassee, for appellee Dept. of Health and Rehabilitative Services.
Robert D. Newell, Jr., and Kenneth Hoffman, of Oertel & Hoffman, Tallahassee, for appellee Tarpon Springs General Hosp.
WENTWORTH, Judge.
The appellants in these consolidated appeals seek review of a final order of the Department of Health and Rehabilitative Services denying their applications for Certificates of Need. We affirm.
Appellant Community Hospital filed an application for a Certificate of Need seeking to add 100 beds to its existing facility, *346 and appellant Holiday General Hospital, Inc., filed an application to build a new 120-bed hospital. HRS denied the applications and both hospitals filed requests for hearings pursuant to § 120.57, Florida Statutes. Both of the proposed facilities would be located in West Pasco County, Florida.
The cases were assigned to a Division of Administrative Hearings officer and were consolidated. The primary issue in controversy concerned the existence of the need for additional acute care beds in the area of the proposed new facilities. The hearing officer recommended that Holiday General's application be denied, but that a Certificate of Need for 50 beds be issued to Community. The Department rejected the latter recommendation and entered an order denying both applications in their entirety.
In recommending that Community be granted a CON for 50 beds, the hearing officer found that the methodology established in Florida Administrative Code Rule 10-5.11(23)[1] had not been utilized by Community, but found that some need had been shown by utilization of an alternative methodology. In the final order, the Department found that the criteria in Rule 10-5.11(23) provided the only acceptable methodology for showing need.
In part because Rule 10-5.11(23) did not become formally effective until after commencement of the hearing on the applications,[2] Community argues that it was improper to apply the standards stated in the rule to their application. However, the rule prescribes an evidentiary standard and is thus procedural in nature. As such it became applicable and controlling on its effective date. See Summerlin v. Tramill, 290 So.2d 53 (Fla. 1973); Myers v. Carr Construction Co., 387 So.2d 417 (Fla. 1st DCA 1980). It is clear in any event, as noted infra, that the rule in this case was merely a formal promulgation of the Department's asserted position on proof of need throughout these proceedings. We recognize that application of a newly enacted rule to proceedings which have commenced prior to the rule's effective date could raise due process issues if, for example, the rule stated a novel requirement with respect to which a party had not been given an opportunity to conform its proof. However, we find no basis for any such due process challenge here.
In this case, Community has informed the court that, as the hearing officer found, the methodology it used to demonstrate a need for beds in West Pasco County was the same as the method found in Rule 10-5.11(23) except that it was applied on a subdistrict basis instead of taking into account the needs of the entire district.[3] Thus, it is clear that Community was aware of the impending amendment to the rule and had an opportunity to conform proofs to that methodology while preparing its case in support of the application. We note also that by this appeal Community does not seek an opportunity to bring its proof into compliance with the rule; it seeks only to have its application accepted on the basis of the evidence already presented.
For the foregoing reasons, we find that the Department of Health and Rehabilitative Services properly applied the standards stated in Rule 10-5.11(23) to these proceedings. We find no merit in the other arguments raised by appellants, and the order appealed is therefore affirmed.
SMITH and WIGGINTON, JJ., concur.
NOTES
[1] The Department promulgated Florida Administrative Code Rule 10-5.11(23) to facilitate the implementation of §§ 381.493 and 381.494, Florida Statutes. We are not persuaded by appellant Community's argument that the Rule as enacted is not authorized by the statute.
[2] The hearing was held on May 31, June 1 and 2, and June 21, 1983. Rule 10-5.11(23) became effective on June 10, 1983.
[3] Section 381.494(7)(b)1 requires local health councils to develop district-wide plans, and § 381.494(8)(a) provides that department review of CON applications shall be in accordance with the district plans. See also § 381.494(6)(c)1. Appellants' proposed facilities would be located in district 5 which consists of Pinellas and Pasco Counties. Section 20.19(4)(a), Florida Statutes.