The Honorable Robert Milligan Comptroller The Capitol Tallahassee, Florida 32399-0350
Dear Comptroller Milligan:
You ask substantially the following question:
In light of the 1994 amendment to section 717.114, Florida Statutes, is a ten dollar gift certificate purchased after May 15, 1989, subject to the custody of the Department of Banking and Finance as unclaimed property pursuant to chapter 717, Florida Statutes?
In sum:
Section 717.114, Florida Statutes, as amended, stating that gift certificates of ten dollars or less shall not be presumed to be abandoned, exempts such gift certificates from the provisions of chapter 717, Florida Statutes, placing custody of property presumed abandoned in the Department of Banking and Finance as unclaimed property.
Chapter 717, Florida Statutes, provides a mechanism for the disposition of unclaimed property by the Department of Banking and Finance (department). Section 717.103, Florida Statutes, provides that unless otherwise provided in chapter 717 or other statutes, intangible personal property is subject to the custody of the department as unclaimed property if the conditions leading to a presumption of abandonment as described in sections 717.102 and717.105-717.116, Florida Statutes, are satisfied and the conditions specified in section 717.103 are met.
Persons holding property presumed abandoned and subject to custody as unclaimed property under the chapter are required to report such items to the department.[1] The department attempts to locate and return all property valued at fifty dollars or more.[2] If the department is unsuccessful in returning such property, the department assumes custody of the property. Section 717.123, Florida Statutes, provides for the deposit of all funds received under chapter 717, including the proceeds from the sale of abandoned property under section 717.122, Florida Statutes,[3] in the State School Fund. However, "the department shall retain in a separate account an amount not exceeding $500,000 from which it shall make prompt payment of claims allowed by it."
Section 717.114(1), Florida Statutes, provides:
A gift certificate or a credit memo issued in the ordinary course of the issuer's business that has remained unclaimed by the owner for more than 5 years after becoming payable or distributable is presumed abandoned.
Subsection (2) of the statute provides that in the case of a gift certificate, the amount presumed abandoned is equal to the price paid by the purchaser.
In 1994, the Legislature amended the above statute to provide that "all gift certificates with a purchase price of $10 or less shall not be presumed abandoned."[4] The act, entitled "An act relating to the disposition of unclaimed property," became effective upon becoming law on May 14, 1994.[5]
An examination of the legislative history surrounding the 1994 amendment of section 717.114, Florida Statutes, indicates that it was the Legislature's intent to exempt gift certificates with a purchase price of ten dollars or less from the presumption of abandonment and to remove such certificates from the system established in chapter 717, Florida Statutes.[6] Section 717.103, Florida Statutes, as noted supra, places custody for property in the department if the conditions leading to a presumption of abandonment are met.
At the time section 717.114 was amended in 1994, the gift certificates in question, while purchased prior to the 1994 amendment, were not yet presumed to be abandoned under the terms of chapter 717. Thus, custody for such property had not yet vested in the department.[7] The amendment to 717.114 prohibiting such a presumption of abandonment from being made for gift certificates of ten dollars or less would appear to preclude the department from now exercising such jurisdiction.
Accordingly, I am of the opinion that section 717.114, Florida Statutes, as amended, stating that gift certificates of ten dollars or less shall not be presumed to be abandoned exempts gift certificates purchased on or after May 15, 1989, from the provisions of chapter 717, Florida Statutes, placing custody of property presumed abandoned in the Department of Banking and Finance as unclaimed property.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 717.117, Fla. Stat. (1993).
[2] Section 717.118, Fla. Stat. (1993).
[3] Section 717.122, Fla. Stat. (1993), provides for the public sale of abandoned property. Except for the sale of securities, the department within three years after the receipt of abandoned property shall sell it to the highest bidder at public sale in whatever city in the state affords the most favorable market for the property involved.
[4] See, s. 1, Ch. 94-191, Laws of Fla., amending s. 717.114(2), Fla. Stat. (1993).
[5] See, s. 4, Ch. 94-191, supra. Committee Substitute for HB 543, which was enacted into law as Ch. 94-191, became law without the Governor's signature on May 14, 1994.
[6] See, Final Bill Analysis Economic Impact Statement on CS/HB 543 (passed as Chapter 94-191, Laws of Florida), Commerce Committee, Florida House of Representatives, dated April 11, 1994, stating that the amendment provides that gift certificates with a purchase price of ten dollars or less are exempt from reporting requirements and from being considered as abandoned property. And see, Tape, Subcommittee on Banking and Corporations, Commerce Committee, Florida House of Representatives, February 9, 1994, in which the amendment's sponsor adding the language in question stated that the purpose of the amendment was to "get those [types of certificates] out of the system."
[7] Cf., Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352 (Fla. 1994) (procedural statutes may be retroactively applied because no one has a vested right in any given mode of procedure); Walker 
LaBerge, Inc. v. Halligan, 344 So.2d 239 (Fla. 1977) (remedial statutes may be retroactively applied).