DAUKSCH, J.
This is an appeal from an order requiring production of documents by appellant to appellee. At issue is the application to be given to a statute, viz: should section 395.3036, Florida Statutes, be given retroactive application so as to exempt appellant from having to reveal to appellee records it keeps and to reveal to appellee information about meetings it has held.
Because we are of the opinion that the legislature intended the statute to apply retroactively and because the issue is one of great public importance, we certify the issue to our supreme court for resolution. We are aware that the supreme court said in Memorial Hospital-West Volusia, Inc. v. News-Journal Corp., 729 So.2d 373, 384 (Fla.1999), that “we reject the contention that the amended statute shall apply retroactively.” Because this was said by the court after having declined to decide the constitutionality of the statute and because the issue was not squarely before the court, it is only fair for the parties to be allowed to proceed in the supreme court to address the issue. Also, by declining to rule on the issue of constitutionality of the statute but saying it should not be applied retroactively, there may be some concern by the lower courts how to proceed in the case now pending to determine the constitutionality of the statute. It is at least arguable that the legislature intended the legislation to be remedial and thus retroactive when the law enacting the statute specifically sought to correct a situation it deemed “to create uncertainty” and “to create a disincentive for private corporations to enter into ... lease agreements in the future.” Ch. 98-330, § 2, at 2847, Laws of Florida. Thus, the legislature was correcting a situation “created” by this court in News-Journal Corp. v. Memorial Hospital-West Volusia, Inc., 695 So.2d 418 (Fla. 5th DCA 1997).
Therefore, we certify to our supreme court the following question to be of great public importance.
SHOULD SECTION 395.3036 BE APPLIED RETROACTIVELY?
The judgment is affirmed.
AFFIRMED; QUESTION CERTIFIED.
ANTOON, C.J., and THOMPSON, J., concur.