784 So.2d 438 (2001)
MEMORIAL HOSPITAL-WEST VOLUSIA, INC., Petitioner,
v.
NEWS-JOURNAL CORPORATION, Respondent.
No. SC00-82.
Supreme Court of Florida.
April 26, 2001.
*439 Arthur J. England, Jr. and Brenda K. Supple of Greenberg Traurig, P.A., Miami, FL, for Petitioner.
Jonathan D. Kaney, Jr. and Jonathan D. Kaney, III of Cobb Cole & Bell, Daytona Beach, FL, for Respondent.
Sylvia H. Walbolt, Joseph H. Lang, Jr., and Michael K. Winston of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., and Michael J. Keane and Brandon S. Vesely of Keane, Reese & Vesely, P.A., St. Petersburg, FL, for Bayfront Medicial Center, Amicus Curiae.
Robert Rivas and Florence Snyder Rivas of Rivas & Rivas, Tallahassee, FL, for The First Amendment Foundation, The Florida Society of Newspaper Editors, Florida Today, The Palm Beach Post, The Pensacola News Journal, The St. Petersburg Times, and The Sun-Sentinel, Amici Curiae.
Gregg D. Thomas and James B. Lake of Holland & Knight LLP, Tampa, FL, for Media General Operations, Inc., d/b/a The Tampa Tribune, Amicus Curiae.
*440 PER CURIAM.
We have for review a decision certifying the following question to be of great public importance:
SHOULD SECTION 395.3036 [FLORIDA STATUTES (SUPP.1998)] BE APPLIED RETROACTIVELY?
Mem'l Hosp.-West Volusia, Inc. v. News-Journal Corp., 747 So.2d 473 (Fla. 5th DCA 1999). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons stated herein, we answer the certified question in the negative and approve the decision of the district court.
This case stems from an earlier decision of this Court in which we held that the petitioner in this case, Memorial Hospital-West Volusia, Inc. (West Volusia), a private nonprofit organization that leases a hospital from a public taxing authority, was subject to article I, section 24 of the Florida Constitution, thus requiring West Volusia to make its records and meetings open to the public. See Mem'l Hosp.-West Volusia, Inc. v. News-Journal Corp., 729 So.2d 373 (Fla.1999) (Memorial I). Subsequent to that case, respondent News Journal Corporation (News-Journal), sought a court order to obtain records from West Volusia. The circuit court ordered production of the documents and West Volusia appealed. The Fifth District Court of Appeal affirmed the order requiring production. However, that court was uncertain as to whether section 395.3036, which exempts from disclosure records and meetings of corporations that lease public hospitals if certain conditions are met, applied retroactively to exempt those records being sought. Accordingly, the district court certified that question to this Court.
Section 395.3036, Florida Statutes (Supp.1998), provides in part:
The records of a private corporation that leases a public hospital or other public health care facility are confidential and exempt from the provisions of s. 119.07(1) and s. 24(a), Art. I of the State Constitution, and the meetings of the governing board of a private corporation are exempt from s. 286.011 and s. 24(b), Art. I of the State Constitution when the public lessor complies with the public finance accountability provisions of s. 155.40(5)....
This statute was enacted while Memorial I was pending before this Court, and while not extensively discussing the issue, this Court clearly stated that section 395.3036 did not apply retroactively to exempt those records being sought from disclosure. See Memorial I, 729 So.2d at 381. West Volusia argues that our subsequent decision in Metropolitan Dade County v. Chase Federal Housing Corp., 737 So.2d 494 (Fla. 1999), supports its proposition that section 395.3036 applies retroactively. We disagree. In Chase Federal, this Court noted:
Two interrelated inquiries arise when determining whether statutes should be retroactively applied. The first inquiry is one of statutory construction: whether there is clear evidence of legislative intent to apply the statute retrospectively. If the legislation clearly expresses an intent that it apply retroactively, then the second inquiry is whether retroactive application is constitutionally permissible.
At the outset, it should be noted that: "A statute does not operate `retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment.... Rather, the court must ask whether the new provision attaches new legal consequences to events completed before its enactment." The general rule is that in the absence of clear legislative intent to the contrary, a law affecting substantive rights, liabilities *441 and duties is presumed to apply prospectively.
Id. at 499 (citations omitted).
We have recently stated that the right of access to public records is a substantive right. See Henderson v. State, 745 So.2d 319, 326 (Fla.1999). Thus, this statute affecting that right is presumptively prospective and there must be a clear legislative intent that the statute apply retroactively. See Arrow Air, Inc., v. Walsh, 645 So.2d 422, 424 (Fla.1994).
West Volusia argues that section 4 of the enacting legislation, stating that the statute "shall apply to existing leases and future leases" clearly demonstrates that the Legislature intended the exemption to apply retroactively.[1] News-Journal argues, however, that while the statute purports to make already existing leases exempt, the statute says nothing of records currently in existence and argues that it would be impossible to retroactively exempt from disclosure meetings that have already taken place, thus further demonstrating the Legislature's lack of intent to do so.
We agree with News-Journal and find that under the language in section 395.3036 there is not a clear legislative intent that the statute apply retroactively. The portion of the enacting legislation stating that the exemption "shall apply to existing leases and future leases" can be reasonably read as exempting from disclosure the records created and meetings held after the effective date of the statute in the operation of leases existing on that date as well as those entered into after the effective date of the statute. Under this reading, the statute does not exempt records created or minutes of meetings held before the effective date of the statute under leases which were in existence on that date or under leases which were created and terminated prior to that date. Unlike the statute at issue in Chase, which the parties conceded was intended to remedy conduct in the form of environmental contamination that occurred prior to the passage of the act, see Chase Federal, 737 So.2d at 499, section 395.3036 is silent concerning the effect of the exemption on those records in existence at the time the statute was enacted. We conclude that the statute does not set forth the clear legislative intent that the statute exempt records created and minutes of meetings held before its effective date which is necessary for the presumption of prospective application to be overcome. Therefore, the first inquiry in Chase Federal is answered in the negative.
Because we conclude that section 395.3036 is not to be applied retroactively, it is unnecessary for us to reach the second prong of Chase Federal and determine whether such application is constitutionally permissible. See Singletary v. State, 322 So.2d 551, 552 (Fla.1975) (recognizing settled principle of constitutional law that courts should not pass upon constitutionality of statutes if case may be effectively disposed of on other grounds).
As a final matter, News Journal argues that the district court improperly denied its request for an award of attorney fees made pursuant to sections 119.12(2) and 286.011(5), Florida Statutes (2000). We agree. Our previous decision in Memorial I made it clear that West-Volusia was subject to public records disclosure and an award of fees was proper.
*442 Thus, we approve the decision of the district court affirming the order requiring production of documents and answer the certified question in the negative. However, we reverse the district court's order denying News-Journal attorney fees and remand for entry of an award of fees and for proceedings consistent with this opinion.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] That section provides: "This act shall take effect [May 30, 1998] and shall apply to existing leases and future leases of public hospitals and other health care facilities." Ch. 98-330 § 4, Laws of Fla.