WELLS, Judge.
 

 In this personal injury action, Richard Ramcharitar appeals the entry of a final summary judgment in favor of the defendants below, Erzulie Derosins and Sky Chefs, Inc., claiming that the lower court erred in finding that the defendants were immune from tort liability pursuant to Florida’s Workers’ Compensation Law. We agree and reverse.
 

 Richard Ramcharitar is a flight operations manager for American Airlines responsible for overseeing movement of airplanes to and from terminals at Miami International Airport. On July 14, 2001, while directing an aircraft pulling away from a terminal gate, Mr. Ramcharitar allegedly was struck by a Sky Chefs vehicle being operated by Erzulie Derosins. Sky Chefs, which provides beverages and food, is an American Airlines subcontractor; Ms. Derosins is a Sky Chefs employee.
 

 Following this incident, Mr. Ramchari-tar received workers’ compensation benefits from American Airlines. He also filed suit against Sky Chefs and Ms. Derosins. Both Sky Chefs and Ms. Derosins denied responsibility for the accident and asserted workers’ compensation immunity as a defense.
 

 In December 2008, Sky Chefs and Ms. Derosins moved for summary judgment arguing that Sky Chefs, as a subcontractor of American Airlines (the general contractor), along with Ms. Derosins its employee, were immune from tort liability under the 2001 version of sections 440.10(1) and 440.11 of the Florida Statutes, which were in effect at the time Mr. Ramcharitar was injured. These provisions of Florida’s Workers’ Compensation Law afforded cer
 
 *96
 
 tain tort immunity to subcontractors where the contractor provided workers’ compensation coverage for the employees of both the contractor and its subcontractors.
 
 See
 
 §§ 440.10(1) and 440.11, Fla. Stat. (2001).
 
 [1]
 
 Summary judgment was granted. We reverse this final judgment because the Florida Supreme Court’s opinion in
 
 Employers Insurance of Wausau v. Abernathy,
 
 442 So.2d 953 (Fla.1983), which interprets this version of section 440.10, mandates this result.
 

 In 1937, Florida’s Workers’ Compensation Law was amended to confer statutory immunity on a subcontractor against tort claims brought by an employee of either the general contractor (vertical immunity) or another subcontractor (horizontal immunity) where the general contractor had secured workers’ compensation insurance for the subject employee, the rationale being that the employees of both the general contractor and the subcontractor(s) were all engaged in a common enterprise.
 
 See Carter v. Sims Crane Serv., Inc.,
 
 198 So.2d 25, 26-27 (Fla.1967) (finding that a subcontractor had horizontal immunity from a tort claim brought an employee of another subcontractor);
 
 Younger v. Giller Contracting Co.,
 
 143 Fla. 335, 196 So. 690, 693 (1940) (finding that a subcontractor had vertical immunity from a tort claim brought by an employee of the general contractor).
 

 In 1974, the law was amended to expressly eliminate horizontal immunity, that is, to eliminate the statutory immunity for claims brought by an employee of one subcontractor against another subcontractor:
 

 A subcontractor is not hable for the payment of compensation to the employees of another subcontractor on such contract work and is not protected by the exclusiveness-of-liability provisions of s. 440.11 from action at law or in admiralty on account of injury of such employee of another subcontractor.
 

 See
 
 Ch. 74-197, § 6, at 546, Laws of Fla.; § 440.10(1), Fla. Stat. (1974).
 

 While this amendment terminated horizontal immunity between subcontractors, subcontractors continued to enjoy vertical
 
 *97
 
 immunity from actions brought by a contractor’s employees as recognized in
 
 Carter
 
 and
 
 Younger.
 
 However, in 1988, the Florida Supreme Court decided
 
 Employers Insurance of Wausau v. Abernathy,
 
 442 So.2d 953 (Fla.1983), in which it held that the 1974 amendment to section 440.10 modified the “common employment premise” set forth in
 
 Younger
 
 and
 
 Carter,
 
 so that subcontractors were no longer immune from suit by a contractor’s employee (eliminating vertical immunity), even if that employee had received workers’ compensation benefits from the contractor:
 

 The justification for limiting liability or granting immunity is the substitution of something else in its place, a quid pro quo. The duty to provide workers’ compensation benefits supplants tort liability to those injured on the job. If the duty to provide such coverage does not exist, then one has no reason to expect immunity from wrongdoings committed against a third party.... [W]e recede from
 
 Younger
 
 ..., thus allowing a third-party action against one who has no duty to afford compensation benefits.
 

 Abernathy,
 
 442 So.2d at 954 (citations omitted).
 

 This interpretation of the 1974 amendment to the workers’ compensation law, section 440.10, remained in effect for the next twenty years.
 
 See Bruno v. Destiny Transp., Inc.,
 
 921 So.2d 836, 841 (Fla. 2d DCA 2006) (citing
 
 Abernathy
 
 for the proposition that statutory immunity does not apply “to situations where a general contractor’s employee is injured by the negligence of a subcontractor’s employee”);
 
 Sherrill v. Corbett Cranes Servs., Inc.,
 
 656 So.2d 181, 183 (Fla. 5th DCA 1995) (citing
 
 Abernathy
 
 and finding that “[i]t is now well established under Florida law that a subcontractor or independent contractor can be liable in tort for injuries sustained by the employees of a general contractor on a construction site”). In 2003, the Florida Legislature amended section 440.10 to restore subcontractor immunity from tort claims brought by either a general contractor or another subcontractor’s employee (vertical and horizontal immunity):
 

 A subcontractor providing services in conjunction with a contractor on the same project or contract work is not liable for payment of compensation to the employees of another subcontractor or the contractor on such contract work and is protected by the exclusiveness-of-liability provisions of s. 440.11 from any action at law or in admiralty on account of injury to an employee of another subcontractor, or of the contractor, provided that:
 

 1. The subcontractor has secured workers’ compensation insurance for its employees or the contractor has secured such insurance on behalf of the subcontractor and its employees ...; and
 

 2. The subcontractor’s own gross negligence was not the major contributing cause of the injury.
 

 Ch. 2003-412, § 8, at 3879, Laws of Fla. (emphasis added).
 

 Sky Chefs and Ms. Derosins do not dispute the fact that Mr. Ramcharitar was injured before the 2003 amendment to the workers’ compensation law and that under the 1974 amendment as interpreted by
 
 Abernathy,
 
 they would not be immune from suit. They instead point to the fact that Mr. Ramcharitar filed the underlying lawsuit in 2005, after the statute was amended, and argue that we may conclude that they enjoy immunity because
 
 Abernathy
 
 was wrongly decided or alternatively because the 2003 revision should be applied retroactively. We decline to adopt either proposition.
 

 
 *98
 
 It is axiomatic that stare decisis obligates this court to follow Florida Supreme Court precedent.
 
 See Hoffman v. Jones,
 
 280 So.2d 431, 440 (Fla.1973) (“We hold that a District Court of Appeal does not have the authority to overrule a decision of the Supreme Court of Florida.”). This obligation extends to the circuit courts of this state as well, which are further obligated to follow the decisions of the district courts of appeal “unless and until they are overruled by the supreme court.”
 
 See Chapman v. Pinellas County,
 
 423 So.2d 578, 580 (Fla. 2d DCA 1982). We therefore decline the appellees’ invitation to simply ignore
 
 Abernathy
 
 as either an aberration in the decisional law — which it clearly was not given its repeated application over some twenty years — or as being wrongly decided.
 
 See Breed Tech. v. AlliedSignal Inc.,
 
 861 So.2d 1227, 1231 (Fla. 2d DCA 2003) (finding that the trial court erred in disregarding existing case law based on its view that the case “was wrongly decided and therefore not binding on it”). At the time Mr. Ramcharitar was injured, prevailing Supreme Court precedent provided no immunity to subcontractors sued by their contractor’s employees for workplace injuries.
 

 Sky Chefs and Ms. Derosins are also not immune from suit by virtue of the 2003 amendment to section 440.10 because it does not apply retroactively. “In the absence of clear legislative intent to the contrary, a law is presumed to operate prospectively.”
 
 Old Port Cove Holdings, Inc. v. Old Port Cove Condo. Ass’n One,
 
 986 So.2d 1279, 1284 (Fla.2008). Therefore, in determining whether a statute applies retroactively, we must consider: “(1) whether the statute itself expresses an intent that it apply retroactively; and, if so, (2) whether retroactive application is constitutional.”
 
 Id.
 
 With respect to the first prong, when considering legislative intent “both the terms of the statute and
 
 the purpose of the enactment
 
 must be considered.”
 
 Fla. Hosp. Waterman, Inc. v. Buster,
 
 984 So.2d 478, 488 (Fla.2008) (quoting
 
 Metro. Dade County v. Chase Fed. Housing Corp.,
 
 737 So.2d 494, 500 (Fla.1999)). If the first prong is not satisfied, there is no need to consider the second prong.
 
 Id.; see also Mem’l Hosp.-W. Volusia, Inc. v. News-Journal Corp.,
 
 784 So.2d 438, 441 (Fla.2001) (finding it unnecessary to determine whether the retroactive application of a statute was constitutional because the statute did not “set forth the clear legislative intent” that it be applied retroactively).
 

 To this end, we find that while the 2003 amendment to section 440.10 effectively abrogated
 
 Abernathy
 
 with respect to vertical immunity for a subcontractor, there is no clear legislative intent that the amendment be applied retroactively. Neither the language of section 440.10 nor the enacting legislation evinces such intent. On the contrary, the enacting legislation expressly provided that the revisions to section 440.10 were to become effective on January 1, 2004,
 
 see
 
 Ch. 2003-412, § 8, at 3879, Laws of Fla., which was some three months later than the effective date provided for most all other revisions that were addressed in this legislation.
 
 See
 
 Ch. 2003^12, § 50, at 3969, Laws of Fla. (“Except as otherwise provided herein, this act shall take effect October 1, 2003.”). The inclusion of this effective date rebuts the suggestion that the 2003 revision of section 440.10 was intended to apply retroactively.
 
 See State, Dep’t of Revenue v. Zuckerman-Vernon Corp.,
 
 354 So.2d 353, 358 (Fla.1977) (finding that the Legislature’s inclusion of an effective date in enacting legislation amending existing law “effectively rebuts any argument that retroactive application of the law was intended”); see also
 
 Feraci v. Grundy Marine Constr.
 
 
 *99
 

 Co.,
 
 315 F.Supp.2d 1197, 1205 n. 11 (N.D.Fla.2004) (citing
 
 Zuckerman-Vemon Corp.
 
 for the proposition that because Chapter 2003-412 of the Laws of Florida set an effective date of October 1, 2003 for an amendment to section 440.11 with respect to the intentional tort exception to workers’ compensation immunity, “such inclusion rebuts an argument that a retroactive application was intended”).
 

 However, at the summary judgment hearing, the trial court was persuaded to find otherwise because of “the cases that say if there is a legislative change that was intended to clarify what the legislative intent was before an intervening Supreme Court of Florida case, [the court] can apply that legislative change retroactively without doing violence to the constitution or to the Florida Supreme Court.” We disagree, given that the 2003 revision to section 440.10 occurred twenty years after the Court decided
 
 Abernathy
 
 and some twenty-nine years after the 1974 amendment to section 440.10. As was held by the Court in similar circumstances, given that the membership between the 1974 and 2003 Legislatures was substantially different, it would be absurd to consider the 2003 revision as a clarification of the Legislature’s original intent in 1974:
 

 The Laforets, citing
 
 Lowry v. Parole and Probation Commission,
 
 473 So.2d 1248 (Fla.1985), and other cases, also argue that the Legislature was perfectly within its rights to clarify its intent and to apply the statute retroactively. We did state in
 
 Lowry
 
 that a clarifying amendment to a statute that is enacted soon after controversies as to the interpretation of a statute arise may be considered as a legislative interpretation of the original law and not as a substantive change. It would be absurd, however, to consider legislation enacted more than ten years after the original act as a clarification of original intent; the membership of the 1992 legislature substantially differed from that of the 1982 legislature.
 
 Compare Kaisner v. Kolb,
 
 543 So.2d 732 (Fla.1989) (subsequent legislatures, in the guise of “clarification” cannot nullify retroactively what a prior legislature clearly intended).
 

 State Farm Mut. Auto. Ins. Co. v. Laforet,
 
 658 So.2d 55, 62 (Fla.1995); M.W.
 
 v. Davis,
 
 756 So.2d 90, 103 n. 26 (Fla.2000) (finding that “due to the [thirteen year] gap between when the language was originally placed in the statute and the most recent amendment, the 1999 amendment cannot be seen as clarifying the Legislature’s intent in 1986”);
 
 Parole Comm’n v. Cooper,
 
 701 So.2d 543, 544M5 (Fla.1997) (“[I]t is inappropriate to use an amendment enacted ten years after the original enactment to clarify original legislative intent.”).
 

 Having found no clear legislative intent that the 2003 revision of 440.10 be applied retroactively, it is unnecessary to determine if the retroactive application of the statute would be constitutional.
 
 Mem’l Hosp.-W. Volusia, Inc.,
 
 784 So.2d at 441.
 

 In the absence of a clear legislative intent, the appellees alternatively argue that the 2003 revision should nevertheless be applied retroactively because the law is remedial in nature, and does not affect substantive rights.
 
 See, e.g., Basel v. McFarland & Sons, Inc.,
 
 815 So.2d 687, 692 (Fla. 5th DCA 2002) (“In the absence of clear legislative intent, a law affecting substantive rights is presumed to apply prospectively only while procedural or remedial statutes are presumed to operate retrospectively.”). We disagree, as the Florida Supreme Court has rejected an almost identical argument on a sufficiently analogous set of facts with respect to the 1974 amendment to section 440.10.
 
 See
 
 
 *100
 

 Walker & LaBerge, Inc. v. Halligan,
 
 344 So.2d 239 (Fla.1977).
 

 In
 
 Halligan,
 
 the plaintiff, an employee of a subcontractor, was injured due to the alleged negligence of another subcontractor’s employee on the jobsite. Under the version of section 440.10 in effect at the time of the injury,
 
 see
 
 § 440.10, Fla. Stat. (1971), the defendant subcontractor had horizontal immunity from a negligence action by the plaintiff. However, after the Legislature amended section 440.10 in 1974 to eliminate a subcontractor’s horizontal immunity, the plaintiff filed a negligence action against the defendant subcontractor. The trial court determined that the 1974 amendment was remedial and that it should be applied retroactively to the date of the plaintiff’s injury, so that the defendant subcontractor no longer enjoyed immunity from suit under the 1971 statute. The trial court therefore denied the defendant subcontractor’s motion for summary judgment, which had relied on the law as it existed at the time the alleged tort was committed.
 

 On appeal, the Florida Supreme Court reversed, finding that the immunity at issue was a “substantive right which vested before the passage of the new statute” and that this substantive statutory right could not be retroactively withdrawn.
 
 Id.
 
 at 243. We see no distinction between the
 
 Halligan
 
 court’s treatment of an amendment expressly eliminating tort immunity to the detriment of the employer, and the instant amendment which reinstates tort immunity to the detriment of the injured employee. As the
 
 Halligan
 
 Court explained:
 

 “It is well established in Florida that the substantive rights of the respective parties under the Workmen’s Compensation Law are fixed as of the time of the injury to the employee. This is so because the acceptance of the provisions of the Workmen’s Compensation Law by the employer, the employee, and the insurance carrier constitutes a contract between the parties which embraces the provisions of the law as of the time of the injury. Consequently, a subsequent enactment could not impair the substantive rights of the parties established by this contractual relationship.”
 

 Id.
 
 (quoting
 
 Sullivan v. Mayo,
 
 121 So.2d 424, 428 (Fla.1960)).
 
 [2]
 
 The 2003 amendment, being substantive, does not apply retroactively.
 

 Accordingly, because Sky Chefs and Ms. Derosins were not immune from suit under the version of section 440.10 in effect at the time of Mr. Ramcharitar’s injury, as interpreted by
 
 Abernathy;
 
 because there is no clear legislative intent that the 2003 revision of the statute be applied retroactively to this case; and because the 2003 revision is not remedial, summary judgment should not have been entered in their favor.
 

 The order on review is, therefore, reversed.
 

 [1]
 

 . Section 440.10(1) of the Florida Statutes (2001) provides, in relevant part:
 

 (a) Every employer coming within the provisions of this chapter ... shall be liable for, and shall secure, the payment to his or her employees ... the compensation payable under ss. 440.13, 440.15, and 440.16
 

 [[Image here]]
 

 (b) In case a contractor sublets any parts of his or her contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment; and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.
 

 [[Image here]]
 

 (e) A subcontractor is not liable for the payment of compensation to the employees of another subcontractor on such contract work and is not protected by the exclusiveness-of-liability provisions of s. 440.11 from action at law or in admiralty on account of injury of such employee of another subcontractor.
 

 Section 440.11 of the Florida Statutes (2001) provides, in relevant part:
 

 The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to any third-party tortfeasor and to the employee ... and anyone otherwise entitled to recover damages from such employer at law ... on account of such injury or death.... The same immunities from liability enjoyed by an employer shall extend as well to each employee of the employer when such employee is acting in furtherance of the employer’s business and the injured employee is entitled to receive benefits under this chapter.
 

 [2]
 

 . We further note that the Florida Supreme Court previously determined that the 2003 codification of the intentional tort exception to workers' compensation immunity, which was enacted by the Florida Legislature in the very legislation that is at issue here, effective October 1, 2003,
 
 see
 
 Ch. 2003-412, § 14, at 3890, Laws of Fla., and which abrogated existing Florida Supreme Court precedent in order to heighten the standard for applying said exception, does not apply retroactively.
 
 See Bakerman
 
 v.
 
 The Bombay Co., Inc.,
 
 961 So.2d 259, 262 n. 3 (Fla.2007);
 
 Cabrera v. T.J. Pavement Corp.,
 
 2 So.3d 996, 998 n. 3, 999 n. 4. (Fla. 3d DCA 2008) (citing
 
 Bakerman,
 
 and applying the version of the workers’ compensation law in
 
 effect
 
 at the time of the employee's death on the jobsite).