BLANC, PETER D., Associate Judge.
Appellant, George W. Felder (“Felder”), timely appeals from the final summary judgment entered in favor of Appellee, King Motor Company of South Florida d/b/a King Hyundai (“King”). This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A). We affirm on all points and write only to explain our reasons for rejecting Felder’s argument that the trial court erred in holding as a matter of law that a motor vehicle dealer qualifies as a “statutory employer” under existing law and to confirm the continuing authority of Gator Freightways, Inc. v. Roberts, 550 So.2d 1117 (Fla.1989), which expressly states that section 440.10(l)(b), Florida Statutes, is not limited to construction contracts.
Felder, the plaintiff below, filed a complaint for damages against King after he was injured on October 10, 2006, when he stepped into a hole in a concrete patio on King’s automobile dealership property. According to the complaint, when the incident occurred the hole was obscured by dirty, standing water which King had negligently allowed to exist on the premises.
King answered the complaint and asserted eleven affirmative defenses, one of which alleged as follows:
King Motor contracted with Plaintiffs employer, JAL Chemical Co., Inc. d/b/a Teph Seal to prepare vehicles for sale and delivery by providing wash and detailing services. Plaintiff was allegedly injured in the course and scope of his employment to provide such services, and he received worker’s compensation benefits pursuant to Chapter 440, Florida Statutes. Accordingly, King Motor was the statutory or special employer of Plaintiff pursuant to Section 440.10(l)(b), Florida Statutes, or, alternatively, Plaintiff was the borrowed servant of King Motor. For these reasons, King Motor is entitled to immunity from this suit under the Florida Workers’ Compensation Act, and this action is barred by Section 440.11, Fla. Stat.
Felder filed a motion to strike this affirmative defense arguing that section 440.10(l)(b), Florida Statutes (2006),[1] was applicable only to the type of contractual obligations that arise within the construc *107 tion industry. King responded to the motion to strike asserting that Gator Freight-ways specifically holds that section 440.10 is not limited to construction cases. Felder countered that the legislative changes to chapter 440, Florida Statutes, which were made after the Gator Freightways decision but prior to the 2006 version of the statute, make specific reference in certain provisions to construction contracts, thereby creating an ambiguity within the statute which would allow the court to find that it was the intent of the Legislature to limit the application of section 440.10(l)(b) to the construction industry. The trial court denied Felder’s motion to strike affirmative defenses. Felder moved for rehearing which the Court denied during the hearing on King’s motion for summary judgment. Ultimately, the trial court granted King’s motion for summary judgment and this appeal followed.
“When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.” Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (quoting Ai?. Douglass, Inc. v. McRainey, 102 Fla. 1141, 1144, 137 So. 157, 159 (1931)). “It is only if the statutory language is ambiguous that ‘the Court must resort to traditional rules of statutory construction to determine legislative intent.’ ” Blanton v. City of Pinellas Park, 887 So.2d 1224, 1230 (Fla.2004) (quoting Palm Beach Cnty. Canvassing Bd. v. Harris, 772 So.2d 1273, 1282 (Fla.2000)). Likewise, the “[a]dministrative construction of a statute, the legislative history of its enactment, and other extraneous matters are properly considered only in the construction of a statute of doubtful meaning.” Donato v. Am. Tel. & Tel. Co., 767 So.2d 1146, 1153 (Fla.2000) (quoting Fla. State Racing Comm’n v. McLaughlin, 102 So.2d 574, 576-77 (Fla.1958)) (emphasis in original).
In the instant case we reject the Appellant’s invitation to- look to the history of this statute to determine its intent. We find the language of the statute to be clear and unambiguous. Further, the Legislature simplified this court’s job by specifying in section 440.015, Florida Statutes (2006), that “[i]t is the intent of the Legislature that the Workers’ Compensation Law be interpreted so as to assure the quick and efficient delivery of disability and medical benefits to an injured worker and to facilitate the worker’s return to gainful reemployment at a reasonable cost to the employer.” Nothing -within this statutory provision is unclear or suggests the Legislature’s intent to limit its application to the construction industry.
First, in section 440.02(16)(a), Florida Statutes (2006), the Legislature defines “employer” and states:
“Employer” means the state and all political subdivisions thereof, all public and quasi-public corporations therein, every person carrying on any employment, and the legal representative of a deceased person or the receiver or trustees of any person. “Employer” also includes employment agencies, employee leasing companies, and similar agents who provide employees to other persons ....
Next, in section 440.02(15)(a), Florida Statutes (2006), the Legislature defines “employee” as follows:
“Employee” means any person who receives remuneration from an employer for the performance of any work or service while engaged in any employment under any appointment or contract for hire or apprenticeship, express or implied, oral or written, whether lawfully *108 or unlawfully employed, and includes, but is not limited to, aliens and minors.
Further, section 440.10(l)(b), Florida Statutes (2006), the portion of chapter 440 that creates a “statutory employer,” states:
In case a contractor sublets any part or parts of his or her contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.
Finally, the first line of section 440.11(1), Florida Statutes (2006), states:
The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability, including vicarious liability, of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death....
This section goes on to list certain exceptions that do not apply to the case at bar. Despite Felder’s argument to the contrary, there is nothing about the definitions or statutory language referenced herein that is ambiguous or creates even a suggestion that the Legislature intended to limit the application of this statute to the construction industry. Therefore, it would be clear error for this court to find such ambiguity as a basis for inferring a legislative intent contrary to the clearly expressed language of the statute. Accordingly, we approve in full the decision of the trial court and hold that King was a statutory employer of Felder pursuant to section 440.10(l)(b), Florida Statutes (2006). We further find that, consistent with the binding precedent set forth in Gator Freightways, this section is not limited to construction contracts. “It is axiomatic that stare decisis obligates this court to follow Florida Supreme Court precedent.” Ramcharitar v. Derosins, 35 So.3d 94, 98 (Fla. 3d DCA 2010). We therefore decline the Appellant’s invitation to expressly ignore Gator Freightways absent a clear expression of that intent from the Legislature.

Affirmed.

WARNER and CIKLIN, JJ., concur.

. Because this incident occurred in 2006, it is controlled by the 2006 statute. Derogatis v. Fawcett Mem'l Hosp., 892 So.2d 1079 (Fla. 2d DCA 2004).