CONNER, J.
The State argues that the trial court erred in granting E.M.’s motion in limine to exclude his statements to school officials and determining that its ruling was dispos-itive. We agree the trial court erred in granting the motion in limine and reverse and remand for further proceedings. Because we agree that the trial court erred in granting E.M.’s motion in limine, the issue of whether the trial court’s ruling was dispositive is moot.
E.M., a student at a middle school, was given an internal suspension for violating of the school’s dress code. E.M. told a member of the school security staff (“Security”) that the reason he was out of dress code was that his uniform shirt was “messed up.” Security asked E.M. to show her his “messed up” shirt, and when E.M. opened his backpack to take out the shirt, Security smelled the odor of marijuana. Security asked E.M. if he had any illegal substances in his backpack, and E.M. admitted that he had marijuana. Security searched his backpack and found “two brown bag rolled cigarettes, containing a leafy substance and a cigarette lighter.”
E.M. was sent to the principal’s office, where he admitted to giving marijuana to other students at the school. Other students also admitted to either getting marijuana from E.M., or having knowledge that he was selling marijuana at the school. E.M. also told the principal that he had more marijuana at home. This admission led detectives to contact E.M.’s mother, who signed a consent to search form. After searching E.M.’s room, the detectives found ten additional grams of marijuana.
The State filed a petition charging E.M. as a delinquent child for committing two counts of possession of cannabis with intent to deliver at or near a school. Count one was for the marijuana found in E.M.’s possession at school, and count two was for the marijuana found in E.M.’s room. E.M. filed a motion in limine seeking to exclude the statements he made to school officials pursuant to section 1006.09(2)(a), Florida Statutes (2014). E.M. argued that section 1006.09(2)(a) is “somewhat of an immunity statute,” and because he admitted to his unlawful possession of the drugs prior to his arrest, that this information, which led to his arrest, could not be used in the subsequent criminal trial against him. Af *684 ter a hearing, the trial court entered an order granting E.M.’s motion, ordering “that information divulged by child, [E.M.], on [date] to school administrators and staff of [middle school], shall not be admissible at trial against the child.” The trial court also determined that its ruling was disposi-tive.
Because the trial court’s ruling was based on an interpretation of section 1006.09(2)(a), Florida Statutes (2014), we review de novo. See Pantoja v. State, 59 So.3d 1092, 1095 (Fla.2011).
Section 1006.09(2)(a), titled “Duties of School Principal Relating to Student Discipline and School Safety,” states:
(2) Suspension proceedings, pursuant to rules of the State Board of Education, may be initiated against any enrolled student who is formally charged with a felony, or with a delinquent act which would be a felony if committed by an adult, by a proper prosecuting attorney for an incident which allegedly occurred on property other than public school property, if that incident is shown, in an administrative hearing with notice provided to the parents of the student by the principal of the school pursuant to rules adopted by the State Board of Education and to rules developed pursuant to s. 1001.54, to have an adverse impact on the educational program, discipline, or welfare in the school in which the student is enrolled.... Any student who is subject to discipline or expulsion for unlawful possession or use of any substance controlled under chapter 893 may be entitled to a waiver of the discipline or expulsion:
(a) If the student divulges information leading to the arrest and conviction of the person who supplied the controlled substance to him or her, or if the student voluntarily discloses his or her unlawful possession of the controlled substance prior to his or her arrest. Any information divulged which leads to arrest and conviction is not admissible in evidence in a subsequent criminal trial against the student divulging the information.
§ 1006.09(2)(a), Fla. Stat. (2014) (emphasis added). Notably, there are no cases which have analyzed the issue presented in the instant case: can a student challenge the admissibility of his incriminating statements to school officials and claim that these statements cannot be used against him at trial when the student is the sole target of the prosecution?
Both E.M. and the State agree that the language of the statute is clear and unambiguous. “When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.” Felder v. King Motor Co. of S. Fla., 110 So.3d 105, 107 (Fla. 4th DCA 2013). Therefore, we must look to the plain and obvious meaning of the text to determine whether the trial court erred in granting E.M.’s motion in limine.
Subsection (2) of section 1006.09 discusses the suspension or expulsion of students for certain crimes committed off campus. The last sentence of subsection (2) states that a student who is subject to discipline for unlawful possession or use under chapter 893[1] may be entitled to a waiver of discipline in certain situations.
We agree with the State that the statute does not apply to count one of the petition for delinquency filed against E.M. *685 because the alleged possession occurred on campus. Subsection (2) specifically states it applies to “an incident which allegedly occurred on property other than public school property.” Thus, the statute applies to crimes occurring off campus.
We also note that subsection (2)(a) outlines two methods by which a student can qualify for a waiver of discipline or expulsion:
If the student divulges information leading to the arrest and conviction of the person who supplied the controlled substance to him or her, or if the student voluntarily discloses his or her unlawful possession of the controlled substance prior to his or her arrest.
§ 1006.09(2)(a), Fla. Stat. (2014) (emphasis added). As the statute provides, a student can qualify for possibly obtaining a waiver of discipline: (1) if the student divulges information leading to the arrest and conviction of the person who supplied the controlled substance to him or her (“method one”), or (2) if the student voluntarily discloses his or her unlawful possession of the controlled substance prior to his or her arrest (“method two”). In the instant ease, E.M. did not divulge information that led to the arrest of the person who supplied him with the marijuana,[2] and therefore, he did not qualify under method one. E.M. did, however, admit to his unlawful possession and use of the marijuana prior to his arrest, and therefore met the criteria for method two.
The portion of the statute that provides for the inadmissibility of a student’s statement is the final sentence of subsection (2)(a): “Any information divulged which leads to arrest and conviction is not admissible in evidence in a subsequent criminal trial against the student divulging the information.” In this last sentence, only the method one scenario (the information leading to an arrest and conviction method), is mentioned. Notably, the second method scenario (the admission of his or her own unlawful possession) is missing.
“It is a general canon of statutory construction that, when the legislature includes particular language in one section of a statute but not in another section of the same statute, the omitted language is presumed to have been excluded intentionally.” L.K. v. Dep’t of Juvenile Justice, 917 So.2d 919, 921 (Fla. 1st DCA 2005) (citing Beach v. Great W. Bank, 692 So.2d 146, 152 (Fla.1997); Cason v. Crosby, 892 So.2d 536, 537 (Fla. 1st DCA 2005)). The legislature specifically mentioned the two methods for a student to qualify for a potential waiver of discipline, but in describing the scenario in which a student’s statements become inadmissible, the legislature referred only to the scenario in which the information divulged leads to the arrest and conviction of the person who supplied the controlled substance, which would be someone other than the student. Therefore, the plain meaning of the statute indicates that students who would qualify for a potential waiver of discipline under method two (admitting to his or her own unlawful possession or use of drugs) do not receive the same protection (inadmissibility of incriminating statements) as students who would qualify under method one (giving information that leads to the arrest and conviction of another).
The trial court, in pronouncing the reasoning behind its decision to grant E.M.’s motion in limine, likened the language in section 1006.09(2)(a) to Florida’s accident report privilege, contained in section 316.066(4), Florida Statutes (2014). Section 316.066(4) states in pertinent part:
*686 Except as specified in this subsection, each crash report made by a person involved in a crash and any statement made by such person to a law enforcement officer for the purpose of completing a crash report required by this section shall be without prejudice to the individual so reporting. Such report or statement may not be used as evidence in any trial, civil or criminal.
§ 316.066(4), Fla. Stat. (2014). Within section 316.066(4), the legislature specifically set forth two items which shall be without prejudice to the individual so reporting: (1) the crash report, and (2) any statement made to law enforcement officers. However, unlike section 1006.09(2)(a), when further describing which items become inadmissible at a trial under section 316.066(4), the legislature specifically stated that the inadmissibility applied to both “[s]ueh report or statement.” In contrast, in section 1006.09(2)(a), the legislature stated two methods by which a student could potentially qualify for a waiver of discipline by making statements, but limited the inadmissibility of those statements in a subsequent criminal trial to only one method of qualifying for the waiver of discipline. In this way, section 1006.09(2)(a) is not similar to the accident report privilege.
The statute refers to information which leads to an arrest and conviction, and then makes that information “not admissible in evidence in a subsequent criminal trial against the student divulging the information.” It would be unlikely, if not impossible, for a student to be convicted of a crime, and then still have a subsequent trial based on the same information divulged. Therefore, it seems clear that the legislature intended for the inadmissibility of statements to apply when a student provides information against a third-party, not himself or herself.
Based on the plain meaning of section 1006.09(2)(a), the trial court’s order granting E.M.’s motion in limine to exclude his statements to school officials is reversed, and the case is remanded for further proceedings consistent with this opinion.

Reversed and Remanded.

STEVENSON and FORST, JJ., concur.

. E.M. was charged with two counts of possession of marijuana with intent to deliver at or near a school pursuant to section 893.13(l)(a)2., Florida Statutes (2014).

. E.M., for purposes of the motion, stipulated to this fact at the hearing.