ALTENBERND, Judge.
In response to a motion to dismiss, the trial court entered a partial final judgment declaring section 723.033, Florida Statutes (1991), facially unconstitutional for a multitude of reasons. We conclude that the trial court erred in prematurely resolving these issues and remand for further proceedings.
The plaintiff, River Trails Homeowner’s Association (the Association), is a tenants’ association representing the lessees in River Trails Mobile Home Park (River Trails). In November 1991, the Association filed a verified complaint seeking damages pursuant to the Florida Mobile Home Act, Chapter 723, Florida Statutes (1991). The complaint alleges that River Trails issued a notice of rent increase for the 1991-92 rental year, to which the tenants objected. After mediation pursuant to sections 723.037 and .038 reached an impasse, the Association filed this action. Count I seeks a judicial determination under section 723.033 that the rent increase is unreasonable. Counts II and III are severable from this theory and are not at issue in this appeal.
River Trails filed a motion to dismiss and a motion to strike. Following a hearing, the attorneys representing River Trails submitted a proposed fourteen-page partial final judgment that dismissed count I of the Association’s complaint with prejudice. This proposed judgment contains various “findings” and declares section 723.033 unconstitutional on its face under the right to due process guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 9 of the Florida Constitution. It also declares the statute unconstitutional as a violation of the basic rights announced in Article I, Section 2 of the Florida Constitution. Further, under the Florida Constitution, it declares the statute unconstitutional as an improper delegation of legislative authority under Article II, Section 3 and Article III, Section 1. Finally, just for good measure, the proposed judgment holds that the statute violates Article X, Section 6, apparently as a per se taking of private property. The trial court signed this proposed judgment.
Although the facial constitutionality of a statute is a question for determination by the court and not by a jury, it is frequently a mixed question of fact and law that can only be resolved after consideration of the relevant evidence. Glendale Fed. Sav. & Loan Ass’n v. State, Dep’t of Ins., 485 So.2d 1321 (Fla. 1st DCA), review denied, 494 So.2d 1150 (Fla.1986). The constitutional theories in this case involve conjplex economic issues that cannot be resolved as pure questions of law. We are aware that another circuit court has upheld the constitutionality of section 723.033 after a three-day trial. See Aspen-Tarpon Springs Ltd. Partnership v. Ferris, No. 90-5039, (Fla. 2d Jud. Cir. July 15, 1992), appeal docketed, No. 92-02814 (Fla. 1st DCA Aug. 11, 1992).
In reversing, we are not mandating that the trial court reach any specific result after further proceedings. We note, however, that the trial court has been persuaded by case law that requires a legislative finding of an emergency prior to the imposition of “rent control.” See City of Miami Beach v. Fleetwood Hotel, Inc., 261 So.2d 801 (Fla.1972), *276 Cf. § 125.0103(5), Fla.Stat. (1991) (prohibiting local governments from enacting rent control laws except under certain conditions, including declared housing emergencies). We are inclined to believe that the requirement of an “emergency” applies primarily to laws that compel owners to rent their property below fair market value when a housing shortage and the economic law of supply and demand result in unusually high market prices. In contrast, section 723.033(4), Florida Statutes (1991), on its face, does not require an owner to rent below fair market value. By relying upon market rate, the statute appears to allow rent increases for existing tenants to be established by the fair market rate negotiated by current new tenants whose homes are still “mobile” and whose options have not been restricted by the process of moving into a park. This may prove to be an important distinction. We further note that the Association only represents existing tenants who are contesting a rent increase. This controversy does not appear to require a determination of whether the statute is constitutional as applied to the regulation of rental rates established in an arm’s-length transaction between a park and a first-time tenant who has not experienced the shift in bargaining power caused by moving a mobile home into the park.
Reversed and remanded.
RYDER, A.C.J., and PATTERSON, J., concur.