NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

In the Interest of A.W. and S.W., )
children. )
          )
_____ )
          )
N.W., )
          )
        Appellant, )
          )
v. )       Case No. 2D15-933
          )
DEPARTMENT OF CHILDREN AND )
FAMILIES and GUARDIAN AD LITEM )
PROGRAM, )
          )
        Appellees. )
_____ )

Opinion filed December 18, 2015.

Appeal from the Circuit Court for
Hillsborough County; Elizabeth G. Rice,
Judge.

Norman A. Palumbo, Jr., Tampa, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Mary Soorus, Assistant
Attorney General, Tampa, for Appellee
Department of Children and Families.

Thomasina Moore and Dennis W. Moore,
Sanford, for Appellee Guardian Ad Litem
Program.


LUCAS, Judge.

N.W. appeals the dependency court's judgment terminating her parental rights to her daughters, S.W. and A.W. Although thorough and considered in its evidentiary findings, we are compelled to reverse the dependency court's judgment because it erroneously applied a statutory amendment retroactively to those findings.

I.

This case revolves around a long and violent history between N.W. and her longtime girlfriend, T.H. The couple resided together for several years along with S.W. and A.W., as well as T.H.'s daughter (whom we will refer to as T.K.H. for the sake of clarity). Sadly, it seems that T.K.H. was swept into the torrents of violence that marked N.W. and T.H.'s relationship. Following a lengthy trial on the Department of Children and Families' third amended expedited petition to terminate N.W.'s parental rights to S.W. and A.W., the dependency court entered its judgment, which recounted in considerable detail the repeated physical abuse T.K.H. suffered at the hands of N.W.

However, the court found "absolutely no admissible evidence" that N.W. ever mistreated her own daughters or that they had ever witnessed any abuse or domestic violence by N.W. In fact, the court's judgment remarked on the extent of love, affection, and emotional ties that existed between N.W. and her daughters. Nevertheless, the court terminated N.W.'s parental rights to S.W. and A.W. under a 2014 amendment to section 39.806(1)(f), Florida Statutes, which provides grounds for termination of parental rights when

> [t]he parent or parents engaged in egregious conduct . . .
> that threatens the life, safety, or physical, mental, or
> emotional health of the child or the child's sibling. *Proof of a*
> *nexus between egregious conduct to a child and the*
> *potential harm to the child's sibling is not required*.

[A]s used in this subsection, the term "sibling" means another child who resides with or is cared for by the parent or parents regardless of whether the child is related legally or by consanguinity.

Ch. 14-224, § 19, at 3021, Laws of Fla. (amended language emphasized.)

Deeming T.K.H. a "sibling" of S.W. and A.W. under section 39.806(1)(f)(1), the dependency court applied the amended provision retroactively to N.W.'s case, which had commenced before the amendment's effective date.[1]  The court explains its reasoning in its judgment:

In adding the language "[p]roof of a nexus between egregious conduct to a child and the potential harm to the child's sibling is not required" it appears the Florida Legislature was merely clarifying DCF's burden in proving a claim for relief based on the ground of egregious conduct.  A review of various decisions among the appellate courts of Florida reveals the District Courts of Appeal clearly were divided on whether DCF was required to prove a nexus between the injured child and an injured child's sibling.

The 2014 Amendment unequivocally relieves DCF of the burden of proving nexus as a requirement for establishing the statutory ground for termination of parental rights under section 39.806(1)(f).  Under Florida law, issues regarding a

_____

[1]The amendment became effective on July 1, 2014, see chapter 14-224, § 62, at 3067, Laws of Florida, after N.W.'s trial commenced, but before the trial's conclusion in December of 2014.  Initially, the dependency court seemed reluctant to apply the amendment to N.W.'s case, as reflected during argument on N.W.'s Motion for Judgment of Dismissal:

THE COURT: If it's a substantive change in the law, [the amendment] cannot be applied retroactively in this case and the Department must prove nexus. . . .  So if proof of nexus now is no longer required, I would say that's a substantive change in the law, because the law had been up until this point nexus, and now this legislature is saying nexus is no longer required.  I can't see how that's just procedural in nature.

However, in the final judgment, the court reached the contrary conclusion.

party's burden of proof generally are considered procedural in nature. . . .  Similarly, an amendment that merely changes the legal standards for a court to apply in its ruling likewise has been found to be remedial in nature and may be applied retroactively as it does not affect a party's substantive rights.

The 2014 Amendment does not appear to be a substantive change in the law because it neither creates a new statutory obligation nor does it destroy a vested right.  While a parent may have a right to parent his or her child, Florida courts have long recognized the limitation on this right by emphasizing that between the parent and the child, the ultimate welfare of the child itself must be controlling.

(Citations and quotations omitted.)

Proceeding under this analysis and the assumption that it need only apply the amended version of the statute, the dependency court made no finding as to whether a connection or nexus existed between N.W.'s abuse of T.K.H. and any potential harm to A.W. or S.W.  It did observe, however, that N.W.'s multiple acts of violence toward T.H. and T.K.H. "may detrimentally impact [N.W.'s] own children's mental and emotional health."  With respect to the alternative ground the Department alleged in its petition against N.W. under section 39.806(1)(g) ("The parent or parents have subjected the child or another child to aggravated child abuse as defined in s. 827.03, sexual battery or sexual abuse as defined in s. 39.01, or chronic abuse."), the court found it unnecessary to render any determination on that ground because section 39.806(1)(f) already justified termination of N.W.'s parental rights.[2]

---

[2]In its judgment, the dependency court also noted a potential constitutional dilemma with the statute's amendment that the parties never raised or argued; by removing "a nexus between egregious conduct to a child and the potential harm to the child's sibling" the statute's amendment might, according to the dependency court, infringe upon a parent's fundamental right to parent her children.  Cf. Dep't of Children & Families v. B.B., 824 So. 2d 1000, 1007 (Fla. 5th DCA 2002) (reversing termination of parental rights under prior version of statute; "[t]he trial judge's error on this point was understandable because Florida's courts have not yet fully examined the implications of

Thus, the dependency court tethered its decision to terminate N.W.'s parental rights entirely to the 2014 amendment to section 39.806(1)(f). As we will explain, that was error.

II.

We review a dependency court's findings of fact in a termination of parental rights proceeding for competent, substantial evidence. E.R.-J. v. Dep't of Children & Families, 86 So. 3d 574, 579-80 (Fla. 2d DCA 2012) ("A trial court's finding of clear and convincing evidence is presumed correct but should be reversed if clearly erroneous or not supported by competent, substantial evidence."); D.G. v. Dep't of Children & Families, 77 So. 3d 201, 206-07 (Fla. 4th DCA 2011) ("Where the trial court's finding that there is clear and convincing evidence to terminate parental rights is supported by competent, substantial evidence, the appellate court has no choice but to affirm."). The determination of whether a statutory amendment can be applied retroactively, however, is a pure issue of law subject to de novo review. Bionetics Corp. v. Kenniasty, 69 So. 3d 943, 947 (Fla. 2011).

---

legislation such as section 39.806(1)(f), Florida Statutes, or section 39.806(1)(i), Florida Statutes, both of which authorize a parent's conduct toward one sibling to serve as a sufficient ground for termination as to a different child"). Because we find the statute's amendment inapplicable to N.W.'s case we need not decide this constitutional issue and leave it for another litigant in another controversy to develop the issue more fully. Cf. State v. Turner, 224 So. 2d 290, 291 (Fla. 1969) (reaffirming that "[c]ourts are not to consider a question of constitutionality which has not been raised by the pleadings, or which has not been raised by a person having the requisite interest"); Homeowner's Corp. of River Trails v. Saba, 626 So. 2d 274, 275 (Fla. 2d DCA 1993) (reversing judgment that found rent increase under Mobile Home Act facially unconstitutional; "[a]lthough the facial constitutionality of a statute is a question for determination by the court and not by a jury, it is frequently a mixed question of fact and law that can only be resolved after consideration of the relevant evidence").

III.

The amended text of section 39.806(1)(f) is silent on the subject of retroactivity.  Rather, the statute's 2014 amendment stated an effective date of July 1, 2014, see ch. 14-224, § 62, at 3067, Laws of Fla., which would ordinarily connote a legislative intent of prospective, not retroactive, application.  See Fla. Ins. Guar. Ass'n v. Devon Neighborhood Ass'n, 67 So. 3d 187, 196 (Fla. 2011) (holding that "the [l]egislature's inclusion of an effective date for an amendment is considered to be evidence rebutting intent for retroactive application of a law"); Walker & LaBerge, Inc. v. Halligan, 344 So. 2d 239, 241 (Fla. 1977) ("It is a well-established rule of construction that in the absence of clear legislative expression to the contrary, a law is presumed to operate prospectively.").  However, as our court has observed, "[w]hile statutory changes in the law are normally presumed to apply prospectively, procedural or remedial changes may be immediately applied to pending cases."  Heilmann v. State, 310 So. 2d 376, 377 (Fla. 2d DCA 1975).

In applying section 39.806(1)(f)'s amendment retroactively, the dependency court believed the removal of the nexus requirement in the statute was merely procedural in nature, akin to changing the Department's burden of proof in termination of parental rights proceedings.  Cf. Halligan, 344 So. 2d at 243 (holding that immunity from tort claims effectuated a substantive change in worker's compensation statute and observing that "[b]urden of proof requirements are procedural in nature . . . . [and] could be abrogated retroactively because 'no one has a vested right in any given mode of procedure' " (citations ommitted) (quoting Ex parte Collett, 337 U.S. 55, 71 (1949))); Ziccardi v. Strother, 570 So. 2d 1319, 1321 (Fla. 2d DCA 1990) (determining

- 6 -

that reenactment of civil RICO statute, which altered the burden of proof and removed punitive damages as an element of compensation, could be applied retroactively; "[u]nder these circumstances, we do not agree . . . that modification of the burden of proof in this statute amounted to a substantive change in the law").

However, the 2014 amendment to section 39.806(1)(f) did not affect the Department's burden of proof in termination proceedings. Conceptually speaking, a burden of proof is the measurement by which a fact-finder processes evidence to determine whether the elements of a crime, claim, or defense have been proven. Cf. Allstate Ins. Co. v. Vanater, 297 So. 2d 293, 295 (Fla. 1974) (defining the "three basic standards by which the sufficiency of evidence is weighed by fact-finders" as: preponderance of evidence, used in most civil actions; proof beyond and to the exclusion of a reasonable doubt, used in criminal cases; and clear, convincing, and satisfactory evidence, an intermediate standard used in certain civil actions); Interest of K.H., 444 So. 2d 547, 551 (Fla. 1st DCA 1984) (Wentworth, J., concurring specially) (noting that on remand the trial court must articulate the standard for determining whether continued supervision of children away from the mother is necessary as such a standard "is the principle by which the court's broad discretion is to be guided, and by which the mother's burden of proof is to be measured"). The legal construct of a burden of proof (the measuring device) must not be confused with the underlying elements of a claim (the subjects to be measured).

The nexus requirement that the 2014 amendment eliminates clearly refers to a substantive element of a claim. The amendment alters what the Department must prove to terminate a parent's rights for egregious conduct directed towards his or her child's "sibling." See A.D. v. Dep't of Children & Family Servs., 870 So. 2d 235, 238

(Fla. 2d DCA 2004) (explaining that prior to terminating parental rights based on the abuse of a sibling, the court must find a nexus between the abuse and prospective abuse and establish a high probability that the parent will abuse another child in the future). Or, as the dependency court stated in its judgment, the amendment "unequivocally relieves [the Department]" of "proving nexus as a requirement for establishing the statutory ground for termination of parental rights under section 39.806(1)(f)." While the amendment may, in a sense, alleviate some of the Department's burden for these kinds of dependency cases (insofar as removing the nexus element would presumably make it easier for the Department to establish this ground for terminating parental rights), it did not alter the *burden of proof* in termination proceedings. Indeed, the burden of proof—clear and convincing evidence—remained unchanged after the amendment became effective. See, e.g., Statewide Guardian Ad Litem Program v. A.A., 171 So. 3d 174, 177 (Fla. 5th DCA 2015) (holding that in order to terminate parental rights under section 39.810(1), Florida Statutes (2014), "the evidence must be clear and convincing" (quoting In re Baby E.A.W., 658 So. 2d 961, 967 (Fla. 1995))). In amending section 39.806(1)(f)(1), the legislature eliminated what had been an underlying element of a ground for terminating parental rights to a child. The amendment wrought a substantial change to this law and, therefore, cannot be applied retroactively. See Smiley v. State, 966 So. 2d 330, 336 (Fla. 2007) (reaffirming the principle that a substantive change in the law may be applied only prospectively).

We must reverse the dependency court's final judgment as it incorrectly applied the amended version of section 39.806(1)(f) to the facts adduced at the trial in this case. But we find no cause to disturb any of those factual findings as they were supported by competent, substantial evidence. Because the dependency court did not

apply the correct version of section 39.806(1)(f) or make any ruling on the Department's alternative ground for termination, section 39.806(1)(g), we remand this case for the dependency court's reconsideration of those determinations in light of this opinion.

Reversed and remanded with instructions.

ALTENBERND and BADALAMENTI, JJ., Concur.