NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

In the Interest of B.F.(1), E.F., B.F.(2), )
and W.F., children. )
_____ )
)
J.F., )
)
      Appellant, )
)
v. )    Case No. 2D15-2434
)
DEPARTMENT OF CHILDREN AND )
FAMILIES and GUARDIAN AD LITEM )
PROGRAM, )
)
      Appellees. )
_____ )

Opinion filed January 15, 2016.

Appeal from the Circuit Court for
Manatee County; Scott Brownell,
Judge.

Patrick R. Cunningham, Bradenton,
for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Meredith K. Hall,
Assistant Attorney General, Tampa,
for Appellee Department of Children
and Families.

David Krupski, Sanford, for Appellee
Guardian ad Litem Program.

ALTENBERND, Judge.

J.F., the mother, appeals the order terminating her parental rights to her four children. Because there was competent, substantial evidence supporting termination as to each child on at least one of the grounds enumerated in section 39.806, Florida Statutes (2014), we affirm. See § 39.802(4)(a) (requiring the trial court to find by clear and convincing evidence that at least one of the statutory grounds for termination exists). We write to reiterate our concern that, with the elimination of the "nexus" requirement in 39.806(1)(f), trial courts may wish to take extra care in the application of this statute until any questions concerning its constitutionality have been resolved. See N.W. v. Dep't of Children & Families, 40 Fla. L. Weekly D2794, D2795 nn.1-2 (Fla. 2d DCA Dec. 18, 2015).

The evidence in this case establishes that the father committed repeated sexual abuse on one of the three older children, who are daughters. The youngest child is a son. The father voluntarily surrendered his rights to all four children. The children now range in age from thirteen to sixteen.

The Department elected not to offer the mother a case plan. It filed a petition for expedited termination, alleging three grounds: (1) pursuant to section 39.806(1)(c), that the continuing involvement of the mother in the parent-child relationship threatens the life, safety, well-being, or physical, mental, or emotional health of each child; (2) pursuant to section 39.806(1)(f), that the mother engaged in egregious conduct or had the opportunity and capability to prevent and knowingly failed to prevent egregious conduct that threatens the life, safety, or physical, mental, or emotional health of a child, warranting the termination of her rights to all children; and

(3) pursuant to section 39.806(1)(g), that the mother subjected the victimized child to sexual battery or abuse by the father, warranting the termination of her rights only as to that child.

The Department presented extensive testimony at the final hearing, which we will not detail in this opinion. Suffice it to say, as to the child who was the victim of the repeated sexual abuse by the father, the trial court did not err in finding that clear and convincing evidence supported termination of parental rights under all three grounds and that termination was in the manifest best interests of this child.

As to the other three children, we have carefully reviewed the evidence and conclude that it supports the termination of parental rights as to each child under section 39.806(1)(c) because the continuing involvement of the mother in the parent-child relationship threatens the well-being and the mental health of each child. The evidence also established that termination is in the manifest best interest of each child. As a result of our conclusion as to this ground, we do not need to determine whether termination was authorized under section 39.806(1)(f).

Unlike the circumstances in N.W., the amendment to section 39.806(1)(f), which became effective on July 1, 2014, is applicable to this termination proceeding. The proceeding was commenced in January 2015 due to the father's misconduct in November 2014. The amendment to the statute adds the sentence: "Proof of a nexus between egregious conduct to a child and the potential harm to the child's sibling is not required." Prior to the amendment, the case law required proof of nexus, which was often provided by expert testimony. See K.A. v. Dep't of Children & Family Servs., 880 So. 2d 705, 707 (Fla. 2d DCA 2004); Dep't of Children & Family Servs. v. K.D., 88 So.

3d 977, 984-86 (Fla. 2d DCA 2012); <u>T.L. v. Dep't of Children & Family Servs.</u>, 990 So. 2d 1267, 1272 (Fla. 2d DCA 2008) ("Before a court terminates parental rights to a child under section 39.806(1)(f), DCF must demonstrate that there is a nexus or predictive relationship between the past abuse of the injured child and any prospective abuse of siblings.").

In this case, as in <u>N.W.</u>, there was some concern raised below as to the authority for this amendment. Nonetheless, no one challenged its constitutionality on the ground that it could not withstand the strict scrutiny required for statutes that impact a fundamental right. As the supreme court explained in <u>Florida Dep't of Children & Families v. F.L.</u>, 880 So. 2d 602, 607 (Fla. 2004):

> When a statute impinges on a fundamental liberty interest, we analyze the statute's constitutionality under a strict scrutiny standard. <u>Beagle v. Beagle</u>, 678 So. 2d 1271, 1276 (Fla. 1996). Parents have a fundamental liberty interest, protected by both the Florida and federal constitutions, in determining the care and upbringing of their children. <u>See, e.g.</u>, <u>Beagle</u>, 678 So. 2d at 1275; <u>Padgett v. Dep't of Health & Rehab. Servs.</u>, 577 So. 2d 565, 570 (Fla. 1991); <u>see also Santosky v. Kramer</u>, 455 U.S. 745, 753, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982) (holding that parents have a constitutionally protected liberty interest in the "care, custody and management" of their children). Because section 39.806(1)(i) impinges on fundamental parental rights, the strict scrutiny standard applies. To survive a constitutional challenge under this test, the statute must serve a compelling state interest through the least intrusive means possible. <u>Beagle</u>, 678 So. 2d at 1276.

Given that the evidentiary method required to establish a nexus for each child under this statutory ground prior to the amendment, at least from the limited discussion in case law, seemed workable, there may be reason to be cautious about the prospective application of this statute, especially in cases where the Department seeks termination

of a parent's right to a sibling on this basis alone without proof of a nexus. See, e.g., A.J. v. Dep't of Children & Families, 97 So. 3d 985, 987-88 (Fla. 4th DCA 2012) (finding that the Department failed to present sufficient evidence to terminate parents' rights as to sons based on father's alleged sexual abuse of his two daughters). Until the constitutionality of this amended statute is resolved by binding precedent, trial courts might be prudent in these time-sensitive cases involving the lives of young children to continue to allow the Department to present evidence comparable to the evidence received prior to this amendment.

Affirmed.

LUCAS and BADALAMENTI, JJ., Concur.