NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

In the Interest of C.M.H., a child. )
                                )
  )
C.H., )
  )
         Appellant, )
  )
v. )         Case No. 2D17-4921
  )
DEPARTMENT OF CHILDREN and )
FAMILIES and GUARDIAN AD LITEM )
PROGRAM, )
  )
         Appellees. )
  )

Opinion filed August 29, 2018.

Appeal from the Circuit Court for
Polk County; Michelle Pincket, Judge.

Ryan Thomas Truskoski of Ryan
Thomas Truskoski, P.A., Orlando, for
Appellant.

Meredith K. Hall of Children's Legal
Services, Bradenton, for Appellee
Department of Children and Families.

Rocco J. Carbone, III, of Guardian ad
Litem Program, Sanford, for Appellee
Guardian ad Litem Program.


CASANUEVA, Judge.

C.H. (the Father) appeals the trial court order terminating his parental rights to his daughter, C.M.H. (the Child), on the ground that he is incarcerated and has been designated a sexual predator. He asserts that the portion of section 39.806(1)(d)(2), Florida Statutes (2015), providing that ground for termination is unconstitutional both on its face and as applied to him. We observe that the decisional law presents two legal pathways of analysis to resolve the presented issue. Upon analysis of each, we conclude that the statute is constitutional in both respects and affirm.

First, we review the statute under existing Florida Supreme Court precedent. Section 39.806(1)(d)(2) provides, in relevant part, that grounds for termination may be established "[w]hen the parent of a child is incarcerated and . . . has been determined by the court to be . . . a sexual predator as defined in s. 775.21, [Florida Statutes (2015)]."[1] The Father does not contest that he meets the criteria of being incarcerated and having been designated a sexual predator.[2] Rather, he argues that the statute is unconstitutional because it does not require the Department of Children and Families to prove that a parent poses a substantial risk of significant harm to the child who is the subject of the termination petition.

_____

[1]Section 39.806(1)(d)(2) also provides for termination when a parent has been designated a violent career criminal or a habitual violent felony offender or has been convicted of first- or second-degree murder or of a sexual battery that constitutes a capital, life, or first-degree felony. Those other grounds are not at issue in this case, and references in this opinion to section 39.806(1)(d)(2) concern only the portion relating to termination based on a sexual predator designation.

[2]The Father also does not contest the trial court's findings that termination is the least restrictive means of protecting the Child from harm and is in the Child's manifest best interests.

The Father contends that the supreme court's ruling in Florida Department of Children & Families v. F.L., 880 So. 2d 602 (Fla. 2004), supports his argument. In that case, the court examined whether section 39.806(1)(i), which allows for the termination of parental rights based on the previous involuntary termination of the parent's rights to a sibling of the child at issue, was unconstitutional because it did not require a showing of a substantial risk of significant harm to the child who is the subject of the termination petition. The court began its analysis by reviewing its decision in Padgett v. Department of Health & Rehabilitation Services, 577 So. 2d 565 (Fla. 1991), in which it held in part that "to terminate parental rights, 'the state must show by clear and convincing evidence that reunification with the parent poses a substantial risk of significant harm to the child.' "[3] F.L., 880 So. 2d at 608 (quoting Padgett, 577 So. 2d at 571). The court explained that "[i]mplicit in our decision in Padgett is the recognition that in some cases, but not in all cases, a parent's conduct toward another child may demonstrate a substantial risk of significant harm to the current child." Id. Following that precedent, the court in F.L. stated that section 39.806(1)(i) "may not constitutionally permit a termination of parental rights without proof of substantial risk to the child" who

---

[3]The court in Padgett also held that the Department "must establish in each case that termination of [parental] rights is the least restrictive means of protecting the child from serious harm. This means that [the Department] ordinarily must show that it has made a good faith effort to rehabilitate the parent and reunite the family . . . ." 577 So. 2d at 571. However, we note that for a number of grounds for termination, including the ground at issue in this case, it appears that the legislature has attempted to abrogate this requirement. See § 39.806(2), Fla. Stat. (2015) ("Reasonable efforts to preserve and reunify families are not required if a court of competent jurisdiction has determined that any of the events described in paragraphs (1)(b)-(d) or paragraphs (1)(f)-(m) have occurred."). Although we have concerns over the constitutional validity of that provision, see F.L. 880 So. 2d at 608 (noting that Padgett's least restrictive means requirement is constitutional in nature), we have not been called upon to address that issue in this case.

is the subject of the termination petition.  Id. at 609.  Based on that statement, the Father in this case contends that the sexual predator provision of section 39.806(1)(d)(2) should be declared unconstitutional because it does not require such proof of a substantial risk of significant harm to the child.

However, the court in F.L. did not end its analysis after determining that the ground appeared to be constitutionally infirm.  Because the ground had been enacted after the court's decision in Padgett and because the legislature had not expressed or implied a desire to abrogate Padgett's risk-of-harm requirement, the court in F.L. read the requirement into the statute and held that "parental rights may be terminated under section 39.806(1)(i) only if the state proves both a prior involuntary termination of rights to a sibling and a substantial risk of significant harm to the current child."  880 So. 2d at 609 ("The Legislature is presumed to know the judicial constructions of a law when amending that law, and the Legislature is presumed to have adopted prior judicial constructions of a law unless a contrary intention is expressed." (citing City of Hollywood v. Lombardi, 770 So. 2d 1196, 1202 (Fla. 2000))).

The grounds for termination provided in section 39.806(1)(d)(2) were likewise enacted after the supreme court's decision in Padgett.  See ch. 97-226, § 1, at 2, Laws of Fla.  As with section 39.806(1)(i), we do not see any express or implied legislative desire to abrogate Padgett's risk-of-harm requirement for section 39.806(1)(d)(2).[4]  Accordingly, we interpret section 39.806(1)(d)(2) as including

---

[4]Rather, the 2014 amendments to the grounds for termination provided in section 39.806(1)(f) (egregious conduct) and section 39.806(1)(h) (causing the death or serious bodily injury of a child) indicate a desire to retain Padgett's risk-of-harm requirement for section 39.806(1)(d)(2).  In those amendments, the legislature expressly stated that proof of a nexus between the parent's past conduct and the risk of harm to

<u>Padgett</u>'s requirement that the Department show that a parent poses a substantial risk of significant harm to the child who is the subject of the termination petition. <u>Cf.</u> <u>B.C. v. Dep't of Children & Families</u>, 887 So. 2d 1046, 1053 (Fla. 2004) (noting that section 39.806(1)(d)(1), which provides for termination when a parent will be incarcerated for a significant portion of the child's minority, "must be read in light of <u>Padgett</u>'s requirement, reiterated in <u>F.L.</u>, that 'the state must show by clear and convincing evidence that reunification with the parent poses a substantial risk of significant harm to the child." (quoting <u>F.L.</u>, 880 So. 2d at 608)). Interpreted in such a way, the statute is constitutional on its face and as applied to the Father. <u>See</u> <u>F.L.</u>, 880 So. 2d at 609.

Next, we undertake an analysis applying a recent decision of this court. Accordingly, we conclude that the statute would also be constitutional if we were to follow our decision in <u>Department of Children & Family Services v. S.H.</u>, 49 So. 3d 846 (Fla. 2d DCA 2010), in which we held that <u>Padgett</u>'s risk-of-harm requirement did not apply to the ground for termination under section 39.806(1)(h), which allows for termination when a parent has caused the death of a child, because "[t]he risk in [that] kind of case is clear." <u>Id.</u> at 853. The same rationale applies in this case due to the

_____

the child was not required. <u>See</u> ch.14-224, § 19, at 41, Laws of Fla. Under the doctrine of <u>expressiounius est exclusion alterius</u>, the inclusion of such language in only those two grounds indicates an intention to exclude that language from all of the other grounds, including section 39.806(1)(d)(2). <u>Cf.</u> <u>Cricket Props., LLC v. Nassau Pointe at Heritage Isles Homeowners Ass'n</u>, 124 So. 3d 302, 306 (Fla. 2d DCA 2013) (reasoning that the legislature's inclusion of a caveat in one subsection of the statute, but not in another, indicated that it intended to exclude the caveat in the other subsection). Thus, the amendments indicate that <u>Padgett</u>'s risk-of-harm requirement applies to section 39.806(1)(d)(2). We note that in commenting on these amendments we do not express any opinion regarding their constitutionality, which we have previously called into question. <u>See</u> <u>J.F. v. Dep't of Children & Families</u>, 198 So. 3d 706, 707 (Fla. 2d DCA 2016).

inherent risk of harm associated with sexual predators, particularly those who have been convicted of committing offenses against minors.

Under either of these approaches, the Department sufficiently established that the Father poses a substantial risk of significant harm to the Child. The record before us is admittedly very limited on this issue. Despite raising three grounds in its termination petition, at the adjudicatory hearing the Department proceeded only on the sexual predator ground of section 39.806(1)(d)(2). Presumably due to the statute's apparently limited requirement that the Department simply show that the Father was incarcerated and had been designated a sexual predator, the Department did not present any evidence regarding what led to the Father's conviction and sexual predator designation in the earlier case. As a result, the only competent substantial evidence in our record regarding the Father's crime is the Father's plea form, judgment, sentence, and order of probation, which together establish that the Father pleaded no contest to one count of attempted sexual battery on a minor in a familial or custodial authority, a second-degree felony, for which he was sentenced to five years' imprisonment to be followed by ten years' probation and for which he was designated a sexual predator.[5]

Despite that limited record, based on the totality of the circumstances we conclude that the Department has sufficiently shown that the Father poses a substantial

[5]The evidence in this case did not establish the nature of the Father's relationship to the victim in the criminal case, nor did it establish the victim's age or gender. The evidence only established that the victim was a minor over whom the Father had some form of custodial or familial authority. Proof that the Child here was the same gender and a sibling of the victim in the criminal case would be both relevant and significant. Although we believe that the Father's conviction inherently demonstrates a substantial risk of significant harm, in the future we encourage petitioners in these time-sensitive cases to present more than just the most basic information about the parent's conviction.

risk of significant harm to the Child.  See F.L., 880 So. 2d at 608 ("Padgett requires that a termination decision be based on the totality of the circumstances.").  The Father is incarcerated, has repeatedly struggled with drug abuse (which was the original basis for the initiation of dependency proceedings), and was adjudicated guilty of attempted sexual battery of a minor child over whom he had custodial or familial authority.  Given those facts, particularly the nature of the conviction, we believe that the risk of harm is evident.  As the legislature has found, "sexual offenders who prey on children are sexual predators who present an extreme threat to the public safety" and "are extremely likely to use physical violence and to repeat their offenses."  § 775.21(3)(a).  In this case the Father's conviction speaks for itself, and the danger that he poses to the Child is clear.

Affirmed.


MORRIS and BADALAMENTI, JJ., Concur.